IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**METROPOLITAN LIFE INSURANCE**
**COMPANY,**

       CASE NO.: 6:14-CV-473-ORL-22GJK

    Plaintiff,

v.

**HEATHER BELL A/K/A HEATHER**
**GOOD,** an individual, **ROBERT**
**SLOTNICK,** an individual, and **MINISTRI**
**FAMILY, LLC**, a Virginia limited liability
company,

    Defendants.
_____/

## AMENDED COMPLAINT FOR INTERPLEADER

Plaintiff, **Metropolitan Life Insurance Company**, by and through its undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335, hereby files

its Amended Complaint for Interpleader against Defendants, **Heather Bell a/k/a Heather Good**,

**Robert Slotnick,** and **Ministri Family, LLC** (collectively, "Defendants"), and alleges:

### GENERAL ALLEGATIONS

1.    This is an action in interpleader regarding certain structured settlement annuity

payments to which the Defendants assert competing claims.

### Parties

2.    Interpleader Plaintiff Metropolitan Life Insurance Company is a corporation

organized under the laws of the State of New York, with its principal place of business in New

York, and, thus, is a citizen of New York.  It is duly licensed to do business in the State of

Florida.

3.      Upon information and belief, Defendant Heather Bell a/k/a Heather Good ("Bell") is a citizen of the State of Florida residing in Orange County, Florida.

4.      Upon information and belief, Defendant Robert Slotnick ("Slotnick") is a citizen of the State of Virginia residing in Richmond, Virginia.

5.      Upon information and belief, Defendant Ministri Family, LLC ("Ministri") is a limited liability corporation with its principal place of business located in Richmond, Virginia.

## Jurisdiction and Venue

6.       This Court has original jurisdiction over this action pursuant to Federal Rule of Civil Procedure 22.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to structured settlement annuity payments in MetLife's custody the value of which exceeds $500.

7.      Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## The Annuity Funds

8.      The structured settlement annuity payments at issue ("Annuity Funds") arise out of a 1994 settlement agreement entered into by Bell, which resolved a personal injury claim. A true and accurate copy of the Release and Settlement Agreement is attached hereto as **Exhibit "A"**.

9.      Metropolitan Insurance and Annuity Company, now known as Metropolitan Tower Life Insurance Company (collectively with Metropolitan Life Insurance Company, "MetLife"), is the owner of Group Annuity Contract No. 8281 bearing Certificate No. 38299 ("Group Annuity").  MetLife issued this Group Annuity for the benefit of Bell.  Beginning in

1995, MetLife has made periodic payment of Annuity Funds to Heather Bell as described in the Certificate.  A true and accurate copy of the Certificate for the Group Annuity is attached hereto as **Exhibit "B"**.

10.     Bell has attempted to obtain court approval to transfer to a settlement funding company her rights to the Annuity Funds through actions initiated in two different Florida courts, Sumter County and Orange County.  MetLife objected to the requested transfers in both the Sumter County action and the Orange County action because it received notice of a competing claim to the Annuity Funds by Slotnick, a judgment creditor of Bell's, as further explained below.

### The Sumter County Case

11.     On April 3, 2013, Peachtree Settlement Funding, LLC, a settlement funding company, filed its Petition for Court Approval of Structured Settlement Payment Rights ("Peachtree Petition") in the Circuit Court of the Fifth Judicial Circuit in and for Sumter County, Florida.  A true and correct copy of the Peachtree Petition is attached hereto as **Exhibit "C"**.

12.     Initially, the Sumter County Court approved the Peachtree Petition on April 30, 2013, and the Sumter County case was closed.  A true and accurate copy of the Sumter County Court Order approving the Peachtree Petition is attached hereto as **Exhibit "D"**.

13.     Subsequently, MetLife notified Peachtree Settlement Funding, LLC, that it received a Notice of Lien *Fieri Facias* ("Notice of Lien"), effective on October 4, 2011, from Bradley P. Marrs, Virginia Counsel for Slotnick.  Pursuant to the Notice of Lien, Slotnick obtained a judgment in the Circuit Court of the City of Richmond, Virginia, against Bell, and others, for sums totaling $175,924.00, and a Writ of *Fieri Facias* was issued upon that judgment

on September 14, 2011. A true and accurate copy of the Notice of Lien is attached hereto as **Exhibit "E"**.

14.     Slotnick, through his Virginia counsel, Bradley P. Marrs, threatened to "hold MetLife liable" for any future payments of Annuity Funds to any entity other than Slotnick. *See* correspondence from Mr. Marrs, a true and correct copy of which is attached hereto as **Exhibit "F"**.

15.     On July 30, 2013, the Sumter County case was reopened when Peachtree Settlement Funding, LLC, filed its Motion to Vacate or Set Aside Order of April 30, 2013.

16.     Also on July 30, 2013, the Sumter County Court entered its Order to Vacate or Set Aside Order of April 30, 2013, and the case was again closed.  A true and accurate copy of the Sumter County Court's Order to Vacate or Set Aside Order of April 30, 2013 is attached hereto as **Exhibit "G"**.

17.     On December 30, 2013, Bell reopened the Sumter County case with the Clerk, and on January 3, 2014, she filed her Amended Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds and Affidavit.  A true and accurate copy of Bell's Amended Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds and Affidavit is attached hereto as **Exhibit "H"**.

18.     On January 14, 2014, MetLife filed its Objection to the original Peachtree Petition on the grounds that approving the transfer would put MetLife in the untenable position of being required by law to abide by a properly noticed lien on the Annuity Funds while also being asked to consent to the transfer of those same Annuity Funds.  A true and accurate copy of MetLife's Objection is attached hereto as **Exhibit "I"**.

19.     On January 23, 2014, the Sumter County Court entered its Order on Bell's Amended Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds, denying Bell's Amended Motion to Dismiss.  This Order had the effect of leaving the July 30, 2013 Order to Vacate or Set Aside Order of April 30, 2013 in place.  A true and accurate copy of the Sumter County Court's Order on Bell's Amended Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds is attached hereto as **Exhibit "J"**.

20.     As of the date of filing this Complaint for Interpleader, no other pleadings or paper have been filed in the Sumter County case, and the case is closed.

## The Orange County Case

21.     Meanwhile, a separate action regarding the Annuity Funds was proceeding at the same time in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

22.     On August 7, 2013, Bell filed her Amended Petition for Declaratory Judgment against Slotnick and MetLife ("Bell Petition") with the Orange County Court, seeking a declaratory judgment as to her rights and entitlement to the Annuity Funds.  A true and accurate copy of the Bell Petition is attached hereto as **Exhibit "K"**.

23.     Bell filed her Motion for Summary Judgment in the Orange County case on September 3, 2013.  A true and accurate copy of Bell's Motion for Summary Judgment is attached hereto as **Exhibit "L"**.

24.     On September 10, 2013, Slotnick specially appeared on his own behalf in the Orange County case in order to file his Motion to Dismiss for lack of personal jurisdiction.  True and accurate copies of Slotnick's Letter to the Clerk regarding his special appearance and Slotnick's Motion to Dismiss are attached hereto as **Composite Exhibit "M"**.

25.     On October 30, 2013, MetLife filed its Response in Opposition to Bell's Motion for Summary Judgment.  In its Response, MetLife argued that it would be improper for the Orange County Court to take any action related to the Annuity Funds without first resolving all legal questions related to Slotnick's alleged entitlement to the Annuity Funds.  A true and correct copy of MetLife's Response in Opposition to Bell's Motion for Summary Judgment is attached hereto as **Exhibit "N"**.

26.     On November 1, 2013, Judge Kest of the Orange County Court entered his Order Denying Bell's Motion for Summary Judgment.  In denying Bell's Motion for Summary Judgment, Judge Kest held:

> Based on the information provided to the Court, the Motion for Summary Judgment as set forth cannot be granted as there exists several genuine issues of material facts and it has not been shown that the Petitioner [Bell] is entitled to a judgment as a matter of law.  The Court also has some significant concerns regarding whether or not this Court has jurisdiction to address this matter.

A true and accurate copy of the Orange County Court's Order Denying Bell's Motion for Summary Judgment is attached hereto as **Exhibit "O"**.

27.     The Orange County Court has not ruled explicitly on Slotnick's Motion to Dismiss for personal jurisdiction.  As of the time of filing this Complaint for Interpleader, the Orange County case remains open.

### Additional Creditor with Potential Claim to the Annuity Funds

28.     On April 2, 2014, MetLife was made aware of a pending garnishment action brought by Ministri against Bell in the City of Richmond, Virginia Circuit Court, Case No.: 12-340-01.  Thus, and as a result of any creditor-debtor relationship between Ministri and Bell, Ministri may have a claim to the Annuity Funds.

**CAUSE OF ACTION IN INTERPLEADER**

29.     MetLife realleges paragraphs 1 through 28 above.

30.     MetLife cannot consent to the transfer of Bell's rights to the Annuity Funds without risk of exposing itself to double liability.

31.     As a mere stakeholder, MetLife has no interest in the Annuity Funds, except to recover its attorney's fees and costs of this action.  Therefore, MetLife respectfully requests that this Court determine to whom the rights to the Annuity Funds belong.

32.     MetLife is ready, willing and able to make payment of the Annuity Funds in accordance with the Certificate in such amounts and to whichever defendant or defendants the Court shall designate.

33.     MetLife will deposit into the Registry of the Court all future periodic payments of the Annuity Funds as they become due.

**WHEREFORE**, MetLife respectfully requests this Court to render judgment as follows:

(a)     Restraining and enjoining the Defendants by Order and Injunction of this Court from proceeding with any existing action or instituting any new action or proceeding in any state or United States court against MetLife for recovery of the Annuity Funds;

(b)     Requiring that Defendants litigate or settle and agree between themselves their claims for the Annuity Funds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Annuity Funds should be paid;

(c)     Permitting MetLife to pay into the Registry of the Court all future periodic payments of the Annuity Funds as they become due; or, in the alternative directing MetLife post a bond in the same amount as the Annuity Funds at issue;

(d)     Dismissing MetLife with prejudice from this action and discharging MetLife from any further liability upon the payment of the Annuity Funds into the Registry, or the posting of the bond, or as otherwise directed by this Court;

(e)     Awarding MetLife its costs and attorney's fees; and

(f)     Awarding MetLife such other and further relief as this Court deems just, equitable and proper.

Dated: April 9, 2014.

Respectfully submitted,

/s/ *Sara A. Brubaker*_____
Stephanie Segalini
Florida Bar Number: 92630
Sara A. Brubaker
Florida Bar Number: 0105769
**AKERMAN LLP**
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000
Fax: (407) 823-6610
Email: stephanie.segalini@akerman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of April, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing and I have sent via U.S. Mail to Heather Bell, 1466 Nolan Court, Orlando, Florida 32814 and to Robert Slotnick, 11900 Westcott Ridge Terrace, Glen Allen, Virginia 23059, pro se parties.

/s/ Stephanie A. Segalini_____
Stephanie A. Segalini, Esq.
Florida Bar Number: 092630
**AKERMAN LLP**