# EXHIBIT A

## RELEASE AND SETTLEMENT AGREEMENT

### I.   RELEASE AND SETTLEMENT

A.   THE undersigned, Heather Good, "CLAIMANT", of lawful age on this 9th day of November , 1994, for and in consideration of the sums of:

One Hundred Twenty-Four Thousand One Hundred Ninety and 00/100 Dollars ($124,190.00) payable to Heather Good,

Nine Thousand Five Hundred and no/100 Dollars ($9,500.00) previously advanced to Heather Good and

Sixteen Thousand Three Hundred Ten and 00/100 Dollars ($16,310.00) payable to Heather Good and Liberty Mutual;

by United Services Automobile Association "INSURER" and the periodic payments as provided for under Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, specified in Section II, paragraph C to this Agreement, which INSURER contracts and agrees to pay or cause to be paid to the persons or entities named in Section II, paragraph C, the receipt and legal sufficiency of all of which are expressly acknowledged, does hereby forever RELEASE, ACQUIT AND DISCHARGE the Mark A. Vahey "RESPONDENT", INSURER and its servants, agents, officers, attorneys, claim adjusters, successors, heirs, assigns and all other persons, firms or corporations, from any and all claims, actions, causes of action, damages, or other obligations of every kind and character, including all expenses incurred or to be incurred, any and all liens, known or unknown, on account or arising out of or in any way related to any and all injuries or damages to me, as a result of an occurrence involving CLAIMANT and RESPONDENT on or about the 8th day of June, 1992, at or near 95 Kirkless Road, Pittsford, New York.

B.   THIS RELEASE IS INTENDED TO AND DOES COVER ALL CLAIMS FOR INJURIES AND/OR DAMAGES, WHETHER OR NOT KNOWN TO THE PARTIES AT THE TIME THIS SETTLEMENT AGREEMENT IS EXECUTED, WHICH HAVE RESULTED, MAY HEREAFTER RESULT FROM, MAY HAVE BEEN, OR MAY BE CLAIMED TO HAVE BEEN CAUSED BY OR RESULTED FROM THE DESCRIBED OCCURRENCES.

C.   As additional consideration for the described payments, CLAIMANT, for herself, her heirs, executors or administrators, and assigns, agrees to and does indemnify and hold harmless RESPONDENT, INSURER and all others released by this AGREEMENT from any and all claims, demands and causes of action of any nature or character which have been made, or which may in the future be made by any person, firm or corporation claiming by, through or under them, including, but not limited to, all hospital, medical or other expenses or liens, known or unknown, which are or could be asserted, any and all medical bills incurred due to an accident occurring on or about June 8, 1992.

### II.  PERIODIC PAYMENTS

A.   RESPONDENT and INSURER agree that the Claimant (to whom, or upon whose behalf, the periodic payments contracted for in this AGREEMENT are to be paid) made claim against RESPONDENT for damages arising from or involving physical injuries or physical sickness.  These claims,

R. GARCIA

NOV 2 8 1994

among others, are being released and settled by this AGREEMENT.

B.   The Parties further agree that the RESPONDENT and/or the INSURER may make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue Code of 1986, as amended, of the RESPONDENT'S and/or the INSURER'S liability to make the periodic payments herein. Any such assignment, if made, shall be accepted by the CLAIMANT without right of rejection and shall completely release and discharge the RESPONDENT and the INSURER from such obligations as are assigned to Metropolitan Insurance & Annuity Company, the ASSIGNEE.   The CLAIMANT recognizes that, in the event of such assignment, the ASSIGNEE shall be sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the RESPONDENT and the INSURER shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a "qualified assignment":

(1) That periodic payments from the ASSIGNEE cannot be accelerated, deferred, increased or decreased by the CLAIMANT; (2) The ASSIGNEE does not provide to the CLAIMANT rights against the ASSIGNEE that are greater than those of a general creditor; and (3) the ASSIGNEE'S obligation for payment of the periodic payments is not greater than the obligation of the RESPONDENT and/or the INSURER prior to execution of the assignment.

C.   PERIODIC PAYMENT SCHEDULE PAYABLE TO HEATHER GOOD:

| Payment on | Amount |
|---|---|
| Payment on 12/07/1995 | $10,000.00 |
| Payment on 12/07/1997 | $15,000.00 |
| Payment on 12/07/2000 | $20,000.00 |
| Payment on 12/07/2002 | $20,000.00 |
| Payment on 12/07/2005 | $20,000.00 |
| Payment on 12/07/2007 | $20,000.00 |
| Payment on 12/07/2010 | $25,000.00 |
| Payment on 12/07/2012 | $25,000.00 |
| Payment on 12/07/2015 | $25,000.00 |
| Payment on 12/07/2017 | $25,000.00 |
| Payment on 12/07/2020 | $25,000.00 |
| Payment on 12/07/2022 | $25,000.00 |
| Payment on 12/07/2025 | $30,000.00 |
| Payment on 12/07/2027 | $50,000.00 |
| Payment on 12/07/2030 | $50,000.00 |
| Payment on 12/07/2032 | $100,000.00 |
| Payment on 12/07/2035 | $204,504.00 |

D.   The RESPONDENT, the INSURER and/or the ASSIGNEE reserves the right to fund its liability to make periodic payments through the purchase of an annuity contract from Metropolitan Life Insurance Company. The RESPONDENT, the INSURER and/or the ASSIGNEE shall be the owner of the annuity policy, and shall have all rights of ownership. The RESPONDENT, the INSURER and/or the ASSIGNEE may direct the annuity carrier, Metropolitan Life Insurance Company, to mail payments

R. GARCIA

NOV 7-8 1994

directly to the CLAIMANT. The CLAIMANT shall be responsible for maintaining the currency of the proper mailing address and evidence of survivorship with Metropolitan Life Insurance Company.

E. Any periodic payments to be made after the death of the Claimant pursuant to the terms of this SETTLEMENT AGREEMENT shall be made to such person or entity as shall be designated in writing by the Claimant to the Insurer's ASSIGNEE. If no person or entity is designated by the Claimant, or if the person or entity designated is not living at the time of the Claimant's death, the payments will be made to the Estate of the Claimant.

### III. GENERAL PROVISIONS

A. It is expressly understood and agreed that this settlement is a compromise of a disputed claim, that the payments provided for may not be construed as an admission of liability by RESPONDENT or INSURER, and that RESPONDENT and INSURER expressly deny any liability to CLAIMANT.

B. CLAIMANT covenants that no representations or promises other than those expressed in this SETTLEMENT AGREEMENT have been made to her in regard to this settlement, that she has carefully read and fully understands this SETTLEMENT AGREEMENT, and that she understands that upon execution of this SETTLEMENT AGREEMENT, all rights, claims or demands CLAIMANT may have against RESPONDENT and INSURER, except the contract to make periodic payments included in this SETTLEMENT AGREEMENT, are completely extinguished.

C. SETTLEMENT AGREEMENT is to be construed and interpreted under the laws of the State of New York.

EXECUTED BY ALL PARTIES as of the date first stated above.

Witness                          Heather Good

R. GARCIA

NOV 28 1994

# EXHIBIT B



### Metropolitan Life Insurance Company
A Mutual Company Incorporated in New York State
One Madison Avenue—New York, New York 10010-3690

Metropolitan Life Insurance Company (herein called Metropolitan) certifies that it will make the payments described in this certificate.

| | |
|---|---|
| Group Annuity Contract No. | 8281 |
| Certificate No. | 38299 |
| Measuring Life | Heather Good |
| Date of Birth of Measuring Life | ████████ 1970 |
| Owner | Metropolitan Insurance and Annuity Company |
| Annuity Commencement Date | December 7, 1995 |
| Beneficiary (if any) | Sandra O. Good, Mother |



Form G.4324A

**Rights of Owner:** The Owner owns the annuity described in this certificate. The Owner will have the right at any time to designate the payee, including the Beneficiary, to whom benefits are payable under the annuity. However, unless the Owner otherwise directs, Metropolitan will make all payments under the annuity to the person(s) named in the certificate.

In addition, at any time after the death of the Measuring Life, the Owner may direct Metropolitan to pay, in lieu of any term certain annuity payments described in this certificate, the commuted value of all remaining term certain annuity payments in a single sum to a payee named by the Owner. The commuted value of such annuity payments will be calculated using the same interest rate(s) as that used in determining the purchase price of the annuity.

No such change in payee or terms of payment will be effective until written notice of the change is received by Metropolitan. However, any change in a Beneficiary designation will take effect as of the date the request was signed but without prejudice to Metropolitan on account of any payment made by it before receipt of the request. When contacting Metropolitan the Owner should mention the Contract number and the name and certificate number of the Measuring Life.

**Proof of Living:** Metropolitan may require proof that the Measuring Life, the Beneficiary or other payee, as the case may be, is living on the date on which any annuity payment is to be made. If proof is requested, no payment will be made until the proof has been received by Metropolitan.

**Beneficiary:** If two or more Beneficiaries are designated and their respective interests are not specified, their interests will be several and equal.

**Change or Waiver:** No sales representative or other person, except an authorized officer of Metropolitan, may make or change any certificate or make any binding promises about any certificate on behalf of Metropolitan. Any amendment, modification or waiver of any provision of this certificate will be in writing and may be made effective on behalf of Metropolitan only by an authorized officer of Metropolitan.

**Misstatements:** If the age or sex of the Measuring Life or any other relevant fact has been misstated, Metropolitan will not pay a greater amount of annuity than that provided by the actual amount received to purchase the annuity and the correct information. Any overpayment of annuity will, together with interest, be deducted from future annuity payments. Any underpayment of an annuity will, together with interest, be paid immediately upon receipt of the corrected information. The interest rate(s) will be that used in determining the purchase price of the annuity.

**Nonassignability; Claims of Creditors:** This certificate and the payments provided under it are nonassignable and will be exempt from the claims of creditors to the maximum extent permitted by law.

Form G.4324A                           (2)

Payment of Annuity:     Metropolitan will make payments under this certificate as
                        follows:

Metropolitan will make the payments shown below to the payee named by the Owner.
However, if the Measuring Life is not living on the date any such payment is payable, and
unless the Owner directs otherwise, Metropolitan will pay such payment to the Beneficiary.

| Date of Payment | Amount of Payment |
|---|---|
| December 7, 1995 | $10,000.00 |
| December 7, 1997 | $15,000.00 |
| December 7, 2000 | $20,000.00 |
| December 7, 2002 | $20,000.00 |
| December 7, 2005 | $20,000.00 |
| December 7, 2007 | $20,000.00 |
| December 7, 2010 | $25,000.00 |
| December 7, 2012 | $25,000.00 |
| December 7, 2015 | $25,000.00 |
| December 7, 2017 | $25,000.00 |
| December 7, 2020 | $25,000.00 |
| December 7, 2022 | $25,000.00 |
| December 7, 2025 | $30,000.00 |
| December 7, 2027 | $50,000.00 |
| December 7, 2030 | $50,000.00 |
| December 7, 2032 | $100,000.00 |
| December 7, 2035 | $204,504.00 |

Form G.4324A                    (3)

EXHIBIT C

IN THE CIRCUIT COURT OF SUMTER COUNTY, STATE OF FLORIDA

IN RE:                                          )
APPROVAL FOR TRANSFER OF STRUCTURED    )    Case No.:2013-CA-000543
SETTLEMENT PROCEEDS BY                     )
                                                )
HEATHER BELL AKA HEATHER GOOD,
      Transferor/Payee,                       )
_____ )

PETITION FOR COURT APPROVAL OF A TRANSFER
OF STRUCTURED SETTLEMENT PAYMENT RIGHTS

COMES NOW, Peachtree Settlement Funding, LLC, by undersigned counsel, which respectfully petitions this Court pursuant to Florida Statutes 626.99296, as amended, for approval of the transfer of certain structured settlement payment rights, and in support hereof, state as follows:

1. That, HEATHER BELL AKA HEATHER GOOD, entered into an agreement for the settlement of a claim for damages arising in connection with a personal injury;

2. That the settlement agreed to by Payee, HEATHER BELL AKA HEATHER GOOD, provides for certain lump sum provides for certain lump sum and periodic structured payments, to-wit: A) See Exhibit "E"

3. Qualified Order-For the purposes of this section, the term 'Qualified Order" means a final order, judgment or decree which,

    A. finds that the transfer described in paragraph (1) of the Purchase Agreement,

        (i)    does not contravene any Federal or State statute or the order of any court or responsible administrative authority, and;

        (ii)    is in the best interest of the payee, taking into account the welfare and support of the payee's dependents.

4. That the "structured settlement obligor" with respect to the aforementioned structured settlement payments is Metropolitan Insurance and Annuity Company;

5. That the "annuity issuer" who has issued an insurance contract used to fund the structured payments referenced herein Metropolitan Life Insurance Company;

6. That Payee, HEATHER BELL AKA HEATHER GOOD, has agreed to sell, and Transferee, Peachtree Settlement Funding, LLC, has agreed to purchase, certain lump sum and structured periodic payments, to-wit:

A) 1 payment of $25,000.00 on December 7, 2015 B) 1 payment of $25,000.00 on December 7, 2017

A copy of their proposed transfer agreement is attached hereto as Exhibit "A" (consisting of 10 pages)

7. That Transferee, Peachtree Settlement Funding, LLC, has provided a Disclosure Statement to the Payee, HEATHER BELL AKA HEATHER GOOD, as required under Florida Statutes 626.99296, a copy of which is attached hereto as Exhibit "B" (consisting of 2 pages). The Transferor has executed this document, acknowledging his/her receipt, review, and understanding of this Disclosure.

0. That Transferee, Peachtree Settlement Funding, LLC, has provided a written notice of transferee's name, address and taxpayer identification number to the annuity issuer and the structured settlement obligor, as required by Florida Statutes 626.99296(3)(a)(5), a copy of which is attached hereto as Exhibit "C" (consisting of 1 page).

9. That Transferee, Peachtree Settlement Funding, LLC, has provided a copy of an estoppel letter by Payee's Attorney or waived professional advice which is attached hereto as Exhibit "D" (Consisting of 1 page).

10. That Transferee, Peachtree Settlement Funding, LLC, has provided a copy of Settlement Agreement/Annuity Contract, a copy of which is attached hereto as Exhibit "E" (Consisting of 2 pages).

11. That Transferee has provided a list of dependents together with their ages.

WHEREFORE, Transferee, Peachtree Settlement Funding, LLC, hereby respectfully moves that upon such disclosures and notices as are required under Florida Statutes 626.99296, that this Court enter an Order approving the Transfer Agreement attached hereto as Exhibit "A", based upon its finding as required under Florida Statutes 626.99296.

HAROLD B. STEPHENS, ESQUIRE
3591 West Gulf To Lake Highway
Lecanto, Florida 34461
(352) 746-4448
(Facsimile) 352-527-1110
Florida Bar No. 095562
E-Mail: haroldstephens@tampabay.rr.com

EXHIBIT "A"                                    @022

Account ID: 591717

## peachtree

## PURCHASE CONTRACT

This is a Purchase Contract ("Contract") for the sale of structured settlement payments between
Heather Bell (You, Your), with legal residence at
Peachtree Settlement Funding, LLC (We, Us, Our)
3993 Howard Hughes Parkway, Suite 704, Las Vegas, NV 89169-6754.

### GENERAL INFORMATION

A.  In connection with the resolution of a personal injury claim, You or someone acting for You, signed a Settlement Agreement that entitles You to receive certain future payments ("Settlement Payments"), according to a set schedule.

B.  These Settlement Payments are being paid to You from an annuity policy ("Annuity Policy") purchased by the Person responsible for making the Settlement Payments to You ("Obligor").

C.  Rather than wait for the Settlement Payments to be made to You in the future, You want to sell all or some of those Settlement Payments ("Purchased Payments") to Us now for a lump sum.

D.  THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH YOU SHOULD READ CAREFULLY, AS IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW DISPUTES BETWEEN YOU AND US ARE RESOLVED.

E.  For additional definitions, see Section 3 of this Contract.

You and We agree as follows:

1.  SALE OF THE PURCHASED PAYMENTS

A.  Upon the signing of this Contract and subject to certain conditions including Court Approval, You sell, transfer and assign to Us the right to receive the Purchased Payments specifically identified in the Disclosure Statement.

B.  We will pay You the Net Purchase Price as agreed to in the Contract Documents, subject to certain conditions, including meeting Our underwriting requirements, Court Approval and satisfactory completion of the Closing Documents. We will do this in exchange for Your:

  • selling the Purchased Payments to Us;

  • changing the beneficiary of the Annuity Policy to Your estate and not changing it again until We have been paid all of the Purchased Payments;

  • having any current beneficiaries waive their rights to the Purchased Payments; and

  • fulfilling Your promises under this Contract.

03/28/2013 18:32 FAX          IGN                    ☑ 023

Account ID: S91717

## peachtree

C.  If We are buying only a portion of Your payments, this will have no effect upon Your rights in the unsold portion. You will continue to receive the unsold portion unless You have already sold or encumbered that portion. However, sometimes the Issuer, the Obligor or the court may require Us to receive the entire amount of Your payment. If so, We will then forward the portion of the payment still due to You and You hereby agree to this payment servicing arrangement.

## 2. PURCHASE PRICE

A.  The Gross and Net Purchase Prices are shown on the Disclosure Statement and are fair and acceptable to You and Us.

B.  We will pay You the Net Purchase Price in the manner You designate for Us.

C.  Before we pay You, You agree that We will adjust for the following amounts, if applicable:

- Purchased Payments Owed to Us – The Issuer may have already paid You some of the Purchased Payments before We have paid You for them. If that happens, We will deduct the amount of those Purchased Payments.

- Holdbacks – Due to possible delays in the Issuer beginning to make the Purchased Payments to Us instead of You, We will hold back an amount equal to any Purchased Payments that the Issuer owes Us post Court Approval, that are due within 90 days of the Funding Date. If We subsequently receive those particular Purchased Payments directly, We will return the amount of any related holdback to You.

- Payment of Debts Owed – If You owe any past due child support, bankruptcy payoffs or taxes, or have any judgments or liens against You or Your assets, We may pay these amounts and deduct them from the amount We pay You, and You hereby provide Us with specific authority to take such action. We will provide You with notice of the amounts that We are going to pay, prior to actual payment.

D.  If any Purchased Payments are mistakenly sent to You after We have paid You for them, You will immediately contact Us. If We then determine that any deductions or holdbacks as set forth above are not enough to reimburse Us, We will advise You of the amount You owe Us. You agree to immediately send that amount to Us by bank or certified check.

## 3. DEFINED WORDS

Certain words used in this Contract have the specific meanings shown below.

Annuity Policy
The policy purchased by the Obligor to ensure that the Settlement Payments are made to You as required by the Settlement Agreement.

07/17/12                        Page 2               © 2011 Peachtree Settlement Funding, LLC

03/28/2011 18:33 FAX                ENGRAVING DESIGN                        @024

Account ID: 581717

# peachtree

## Closing Documents
Any documents necessary to carry out the purchase of the Purchased Payments, other than the "Contract or Contract Documents" as defined below.

### Contract or Contract Documents
Collectively, only this Contract and the Disclosure Statement.

### Contract Date
The date Your signature at the end of this Contract is notarized. However, if You happen to sign this Contract before the number of days stated at the end of Your Disclosure Statement for waiting has passed, You will have no obligation under Your Contract until that time has passed.

### Court Order
A legally binding ruling issued by a judge or properly empowered administrative officer, approving the sale of the Purchased Payments to Us ("Court Approval").

### Disclosure Statement
The document which identifies for You, the Purchased Payments, expenses, Purchase Price and various other disclosures.

### Encumbrance
Any claim, right, lien, policy loan, or restriction.  In addition, this includes any limits on rights of ownership (such as the use, voting, transfer, receipt of income, etc.).

### Funding Date
The date We pay You the Net Purchase Price.

### Issuer
The insurance company that issued the Annuity Policy.

### Obligor
The Person who is obligated to make payments to You under the Settlement Agreement.

### Party
One of You or Us. Parties means both You and Us.

### Person
Any natural person or legal entity.

### Purchased Payments
Only those certain payments that We are purchasing from You under this Contract.

### Purchase Price

#### Gross Purchase Price
The amount shown as the "gross amount payable to the seller (You)" on the Disclosure Statement. This is the sum We have agreed to pay You before any deductions as set forth in the Contract Documents.

07/13/11                                   Page 2                              © 2011 Peachtree Settlement Funding, LLC

03/26/2013 16:33 FAX                    ENGRAVING DESIGN                              ☐025

## peachtree

Account ID: 591717

**Net Purchase Price**
The amount shown is the "net amount payable to the seller (You)" on the Disclosure Statement. This is the sum We have agreed to pay You after any deductions as set forth in the Contract Documents.

**Settlement Agreement**
The agreement that You and the Obligor signed to resolve Your personal injury claim.

**Settlement Payments**
All of the payments that the Obligor has agreed to make to You in the Settlement Agreement.

**We, Our, or Us**
Peachtree Settlement Funding, LLC, along with any of its successors, assigns, and designees. Some of the Contract Documents or Closing Documents may refer to Us as the purchaser.

**You or Your**
The Person named on this Contract's first page. Some of the Contract Documents or Closing Documents may refer to You as the seller.

4.   YOUR REPRESENTATIONS AND WARRANTIES

You represent and warrant to Us the following:

A.   You understand that THIS IS A SALE AND NOT A LOAN.

B.   The Annuity Policy is in full force, You are the sole and undisputed recipient of the right to the Purchased Payments have the right to sell them free and clear of any Encumbrances and have not previously sold any of the Purchased Payments to any other Person.

C.   You understand that Court Approval is required for this purchase; and You agree to fully cooperate with Us to obtain that approval.

D.   You gave Us all requested information and signed all documents necessary to complete the purchase.  Every statement made by You in the Contract Documents and Closing Documents is true and complete.

E.   No law, divorce decree or other legal obstacle:

*   requires You to keep the Purchased Payments for the benefit of a current or former spouse, dependent children, or other person; or

*   legally prevents You from contracting with Us, selling the Purchased Payments or changing the Annuity Policy's beneficiary.

F.   Either:

*   You have never filed for bankruptcy, will not do so before the Funding Date and there are no lawsuits or efforts by any of Your creditors to put You into bankruptcy or take any of the Purchased Payments; or

07/13/13                                Page 4                      (c) 2011 Peachtree Settlement Funding, LLC

Account ID: 581717

peachtree **BEST QUALITY**

- If You filed for bankruptcy, the Purchased Payments were not subject to the claims of Your creditors. You will give Us a copy of any of Your bankruptcy documents that We request including evidence of a final bankruptcy payoff or case closing, if any.

G.  We can rely on Your representations, warranties, and promises in this Contract.  These representations, warranties, and promises are for Our benefit and the benefit of any future owners of the Purchased Payments. You understand that Our reliance on any intentional misrepresentation by You may result in Our enforcing Our rights against You in court.

H.  You had enough time to consider the sale of the Purchased Payments, understand the terms of the Contract Documents and Closing Documents (including the arbitration provision), are of legal contracting age and sound mind, not under the influence of drugs or alcohol, and  freely and voluntarily, enter into this Contract and agree to all of its terms.

I.  You were advised by Us to obtain independent legal advice and professional tax advice about the sale of the Purchased Payments and to have those advisors review the terms and legal, tax and other effects of this Contract with You prior to Your execution of this Contract. You have also explored all appropriate financial options before entering into this transaction.

J.  We did not provide tax, financial, or legal advice to You about this Contract and have advised You that We may not refer You to any specific attorney for such purpose.

K.  If You are married, Your spouse understands all of the terms and conditions of this Contract including, but not limited to the fact that, after the Funding Date, You (and Your spouse) will not receive the same amount of money on the same payment schedule as You would have received under the Annuity Policy. Your spouse has been provided with all information relating to the transaction and has had every opportunity to review the terms of the transaction and to seek any advice relating thereto. Your Spouse also understands that he or she will be giving up any property or contract rights that he or she may have in the Purchased Payments.

L.  We may sell, transfer, or assign Our right to the Purchased Payments in a sale, securitization, or other financing transaction (resale).  Any resale would involve disclosing certain information about You (including Your personal information) to the parties to a resale.

M.  Any future owner of the right to the Purchased Payments will have all of the same rights We have, including the right to the duties You owe Us under this Contract.  This includes the right to make a claim against You for violating any of the representations, warranties, or promises You made in this Contract.

5.  **YOUR PROMISES TO US**

Before and after the Funding Date:

A.  You will tell Us right away if Your address or telephone number changes and do everything necessary, including completing and signing all documents to:

- sell the right to the Purchased Payments to Us;

- change the beneficiary as required by this Contract;

- correct any documentation errors in the Contract Documents or Closing Documents.

07/12/12                                    Page 5                          © 2011 Peachtree Settlement Funding, LLC

Account ID: 581717



B. You will also tell Us if any of the following occurs:

- a violation of this Contract; or

- anything that could negatively affect the Annuity Policy, the Purchased Payments, or this Contract.

C. You will not:

- agree to sell the Purchased Payments to any Person other than Us;

- change the Annuity Policy's beneficiary to any Person other than Your estate until We have collected all of the Purchased Payments; or

- withdraw cash from, borrow against, or change the Annuity Policy.

D. You will give Us information necessary to update Your representations, warranties, and promises in this Contract. You will also update any documents and information so they will be true and complete on the Funding Date.

E. We are now, and will continue in the future, to rely on the representations and warranties You have given Us. We will confirm the accuracy of Your representations and warranties. You must cooperate with this confirmation and provide complete access to any information We believe necessary

F. You agree that updating representations, warranties, promises, documents and other information will not cure a breach of any representation or warranty made by You that was not true and complete.

G. You agree that Our obligation to You under this Contract is strictly limited to the requirement to pay You what We owe You under the terms of this Contract, after receipt and approval of the Closing Documents, final underwriting approval and Court Approval. Under no circumstances will We be liable for any consequential damages.

H. You hereby appoint Us and any of Our designees, with full power of substitution as your Attorney In Fact, to act in Your name and place for the purpose of assigning and transferring ownership of any and all right, title and interest that You have in the Purchased Payments and for Us to obtain all benefits contemplated by this transaction. You also give Us full authority to act in any way proper and necessary to exercise this Attorney In Fact appointment including, but not limited to: (1) negotiating, endorsing and executing checks, drafts and other instruments in Your name; and (2) instituting, maintaining, compromising, settling and terminating any litigation or other proceedings related to the Purchased Payments. This power of attorney is coupled with an interest and shall survive death or disability.

6. CANCELLATION BY US

We may cancel this Contract before the Funding Date if:

A. You breach any representation, warranty, or promise in any Contract Documents or Closing Documents.

B. The petition for the Court Order is contested, opposed, or not approved.

C. We are sued or threatened with a lawsuit or an arbitration about this Contract or the Annuity Policy.

D. There is any threatened, pending, or final action, or change in law or rule challenging the legality of, or negatively affecting this transaction.

E. You file for, or are forced into bankruptcy.

Account ID: 591717

## peachtree

F.  You die.

G.  Final approval has not been given by Our underwriting department.

H.  The Purchase Contract is not signed by You and received back by Us by May 13, 2013.

I.  A major rating agency downgrades the Issuer's credit rating.

J.  The Issuer is, or becomes insolvent, or under regulatory supervision.

K.  With respect to A through J above, to the extent permitted by applicable law, the arbitration provision in Section 10 of this Contract shall survive the termination, cancellation or rescission of this Contract.

7.  CANCELLATION BY YOU

A.  (1) YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION AT ANY TIME WITHIN FIVE (5) BUSINESS DAYS AFTER THE DATE YOU RECEIVE PAYMENT HEREUNDER FROM US. IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, YOU MUST SEND A NOTICE POSTMARKED AT ANY TIME WITHIN FIVE BUSINESS DAYS AFTER YOU RECEIVE PAYMENT HEREUNDER FROM US (This is the rescission period).

(2) YOUR NOTICE IS TO BE SENT EITHER BY CERTIFIED OR REGISTERED MAIL (RETURN RECEIPT REQUESTED) OR FEDEX OR ANOTHER MAJOR OVERNIGHT DELIVERY SERVICE. THE NOTICE MUST INCLUDE A BANK OR CERTIFIED CHECK MADE PAYABLE TO US, IN THE FULL AMOUNT RECEIVED BY YOU. YOUR NOTICE MUST BE SENT TO:

Peachtree Settlement Funding, LLC
Attention:  Manager of Operations
3993 Howard Hughes Parkway, Suite 204
Las Vegas, NV 89169-6754

B.  GEORGIA RESIDENTS: YOU MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO 5:00 P.M. OF THE TWENTY-FIRST DAY FOLLOWING RECEIPT OF THE ENCLOSED "NOTICE OF CANCELLATION RIGHTS" FORM, OR AT THE HEARING ON THE APPLICATION FORAUTHORIZATION OF A TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS, OR AT ANYTIME WITHIN FIVE (5) BUSINESS DAYS AFTER YOU RECEIVE PAYMENT HERE UNDER FROM US, WHICHEVER EVENT OCCURS LAST (This is the Georgia rescission period). IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, YOU MUST SIGN THE ENCLOSED "NOTICE OF CANCELLATION RIGHTS" FORM AND MAIL OR DELIVER IT TO US AS SPECIFIED IN THAT NOTICE AND YOU MUST RETURN ALL AMOUNTS (PURCHASE PRICE OR OTHERWISE) RECEIVED BY YOU ACCORDING TO THE REQUIREMENTS OF 7 (A) (2) ABOVE.

C.  WEST VIRGINIA RESIDENTS: IN ORDER FOR YOUR CANCELLATION TO BE EFFECTIVE, YOUR NOTICE CAN BE SUBMITTED VIA PHONE, MAIL, OR FACSIMILE. ANY AMOUNTS ADVANCED BY US IN CONTEMPLATION OF THE TRANSFER SHALL BE IMMEDIATELY REFUNDED TO US. IF YOU DISMISS YOUR ACTION AFTER APPOINTMENT OF A GUARDIAN AD LITEM, OR RESCIND YOUR TRANSFER AGREEMENT (PURCHASE CONTRACT) WITHIN THE RESCISSION PERIOD IN 7(A) (1) ABOVE, YOU SHALL BE RESPONSIBLE FOR THE FILING FEE AND ANY GUARDIAN AD LITEM FEES.

D.  With respect to A through C above, to the extent permitted by applicable law, the arbitration provision In Section 10 of this Contract shall survive the termination, cancellation or rescission of this Contract.

03/28/2013 10:34 FAX        ENGRAVING DESIGN        @020

Account ID: 581717



8. **NOTICES**

  A. All notices about this Contract must be in writing.

  B. All notices must be sent either by: (1) certified or registered mail (return receipt requested); or (2) FedEx or another major overnight delivery service with a delivery tracking system and are considered given when delivered as follows: If to You: to the most recent address for You listed in Our files. If to Us: to the address listed in Section 7(A) (2) of this Contract.

9. **EVENTS OF DEFAULT**

You will be in default if You:

  A. fail to comply with any terms or conditions of this Contract; or

  B. breach any of Your representations, warranties and promises in this Contract.

If You are in default, even if You have not rejected the arbitration provision (see Section 10 of this Contract), We have the right to enforce Our rights against You in court to make You perform your promises or to get money from You. If We sue You in court in connection with a Claim that is subject to arbitration under the arbitration provision in Section 10 of this Contract, and You have not rejected the arbitration provision, You will have the option of remaining in court or seeking to compel arbitration of that Claim under the terms of the arbitration provision.

10. **ARBITRATION PROVISION**

To the extent permitted by applicable law, You and We agree to the following arbitration provision.

**YOU HAVE THE RIGHT TO REJECT THIS ARBITRATION PROVISION AS SET FORTH BELOW. If You do not reject this arbitration provision and a Claim is arbitrated, You will not have the right to: (1) have a court or a jury decide the Claim; (2) engage in information gathering (discovery) to the same extent as in court; (3) participate in a class action in court or in arbitration; or (4) join or consolidate a Claim with claims of any other person. The right to appeal is more limited in arbitration than in court and other rights in court may be unavailable or limited in arbitration.**

**Claims Subject to Arbitration.** A "Claim" subject to arbitration is any claim, dispute or controversy between You and Us (other than an Excluded Claim or Proceeding as set forth below), whether preexisting, present or future, which arises out of, or relates to the Contract, the negotiations related thereto, the breach thereof or any other transaction conducted with us in connection with the Contract. "Claim" has the broadest possible meaning and includes initial claims, counterclaims, cross-claims, third-party claims and federal, state, local and administrative claims. It includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity and includes claims for money damages and injunctive or declaratory relief. Upon the demand of You or Us, Claim(s) will be resolved by individual (not class or class-wide) binding arbitration in accordance with the terms specified in this arbitration provision.

**Special Definitions.** Solely for purposes of this arbitration provision, in addition to the meanings set forth in this Contract: (1) "We," "Us" and "Our" also (a) refer to Our employees, officers, directors, parents, controlling persons, subsidiaries and affiliates and (b) apply to third parties if You assert a Claim against such third parties in connection with a Claim you assert against Us; and (2) "You" or "Your" also refer to Your current or former spouse(s), children, heirs, estate, executors, successors, assigns, representatives and beneficiaries.

**Excluded Claim or Proceeding.** Notwithstanding the foregoing, "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this arbitration provision or any part thereof (including, without limitation, the "Class Action Waiver" set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. However, any dispute or controversy that concerns the validity or enforceability of the Contract as a whole

07/17/12        Page 8        (c) 2011 Peachtree Settlement Funding, LLC

03/28/2013 18:35 FAX                    ENGRAVING DESIGN                         ☑050

Account ID: 581717

## peachtree

is for the arbitrator, not a court, to decide.  In addition, We will not require You to arbitrate any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed, or appealed to a different court.

**Federal Arbitration Act.**  Notwithstanding any other provision in this Contract, You and We agree that this Contract evidences a transaction involving interstate commerce and that the Federal Arbitration Act (Title 9 of the United States Code) ("FAA") shall govern its interpretation and enforcement and proceedings pursuant thereto. To the extent state law is applicable under the FAA, the law of the state of Your domicile (where You regularly reside on the Contract Date) shall apply.

**Class Action Waiver.**  Notwithstanding any other provision of this Contract, if a Claim is arbitrated, neither You nor We will have the right (a) to participate in a class action, private attorney general action or other representative action in court or in arbitration, either as a class representative or (b) to join or consolidate Claims with claims of any other Persons.  No arbitrator shall have authority to conduct any arbitration in violation of this provision (provided, however, that the Class Action Waiver does not apply even when such lawsuit or administrative proceeding filed against us by a state or federal government agency even when such agency is seeking relief on behalf of a class of borrowers including You.  This means that We will not have the right to compel arbitration of any claim brought by such an agency).  The Class Action Waiver is nonseverable from this arbitration provision.  If the Class Action Waiver is limited, voided or found unenforceable, then this arbitration provision (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver.

**Arbitration Procedures.**  If You or We seek to arbitrate a Claim, the Party seeking arbitration must notify the other Party in writing.  This notice can be given after the beginning of a lawsuit and can be given in papers filed in the lawsuit, such as a motion to compel arbitration.  Otherwise, Your notice must be sent to Us at the address specified in Section 7 (A) (2) of this Contract and Our notice must be sent to the most recent address for You in our files.  Any arbitration hearing that You attend will take place in a venue of Your domicile.  If a Party files a lawsuit in court asserting Claim(s) that are subject to arbitration, and the other Party files a motion to compel arbitration with the court, which is granted, it will be the responsibility of the Party prosecuting the Claim(s) to select an arbitration administrator in accordance with the paragraph below and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

The arbitration will be administered by the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, 1-800-778-7879 or JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, 1-800-352-5267.  The rules and forms of the AAA and JAMS may be obtained by writing to these organizations at the addresses listed above.  If the AAA and JAMS are unable or unwilling to serve as administrator, the Parties may agree upon another administrator or, if they are unable to agree, a court shall determine the administrator.  No company may serve as administrator, without the consent of all Parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of this arbitration provision.  In the event of a conflict between the provisions of this arbitration provision, on the one hand, and other provisions of this Contract or any applicable rules of the AAA or JAMS or other administrator used, on the other hand, the provisions of this arbitration provision shall control.

A single arbitrator will be appointed by the administrator and must be a practicing attorney with ten or more years of experience or a retired judge.  The arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, or by state or local laws that relate to arbitration proceedings.  The arbitrator will honor statutes of limitation and claims of privilege recognized under applicable law.  In determining liability or awarding damages or other relief, the arbitrator will follow this Contract and the applicable substantive law, consistent with the FAA and this Contract, that would apply if the matter had been brought in court.  At Your written request, We will pay all filing, hearing and/or other fees charged by the administrator and arbitrator to You for Claim(s) asserted by You in arbitration after You have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which You reside.  (If You have already paid a filing fee for asserting the Claim(s) in court, You will not be required to pay that amount again).  In addition, the administrator may have a procedure whereby You can seek a waiver of fees charged to You by the administrator and arbitrator.  We will always pay any fees or expenses that We are required to pay by law or the administrator's rules or that We are required to pay for this arbitration provision to be enforced.  The arbitrator will have the authority to award attorneys' and expert witness fees and costs to the extent permitted by this Contract, the administrator's rules or applicable law.  The arbitrator will always award You reasonable attorneys' and expert witness fees and costs (a) if and to the extent You prevail on Claims you assert against Us in an arbitration commenced by You and (b) to the extent required under applicable law for this arbitration provision to be enforced.  The arbitrator shall write a brief explanation of the grounds for the decision.  A judgment on the award may be entered by any court having jurisdiction.

11/12/12                                    Page 11

© 2011 Peachtree Settlement Funding, LLC

ENGRAVING DESIGN

Account ID: 581717

### peachtree

**Severability and Survival.** If any part of this arbitration provision, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall be enforceable. To the extent permitted by applicable law, this arbitration provision shall survive the termination, cancellation or rescission of this Contract.

**Effect of Arbitration Award.** The arbitrator's award shall be final and binding on all Parties, except for any right of appeal provided by the FAA. However, if the amount of the Claim exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either Party exceeding $50,000, any Party can, within 30 days after the entry of the award by the arbitrator, appeal the award to a three-arbitrator panel administered by the administrator. The panel shall reconsider anew any aspect of the initial award requested by the appealing Party. The decision of the panel shall be by majority vote. Reference in this arbitration provision to "the arbitrator" shall mean the panel if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the above paragraph titled "Arbitration Procedures." Any final decision of the appeal panel is subject to judicial review only as provided under the FAA.

**Right to Reject Arbitration Provision.** You may reject this arbitration provision by sending Us written notice of Your decision so that We receive it at the address listed below within forty-five (45) days of the Contract Date. Such notice must be sent by certified or registered mail (return receipt requested) or by FedEx or another major overnight delivery service with a delivery tracking system; must include a statement that You wish to reject the arbitration provision along with Your name, address, Account I.D. number and Your signature; and must be delivered to Us at the address specified in Section 7 (A) (2) of this Contract. This is the sole and only method by which You can reject this arbitration provision. Upon receipt of a rejection notice, We will reimburse You for the standard cost of a certified or registered letter or overnight delivery. Rejection of this arbitration provision will not affect any other terms of this Contract and will not result in any adverse consequence to You. You agree that Our business records will be final and conclusive with respect to whether You rejected this arbitration provision in a timely and proper fashion. This arbitration provision will apply to You and Us unless you reject it by providing proper and timely notice as stated herein.

### 11. MISCELLANEOUS

A. You give Us permission to conduct background checks on You, including obtaining information from the credit bureaus, in order to verify Your legal residence, contact information, and any other information We deem necessary for this transaction. We can also search records for UCC filings, bankruptcy filings, judgments, liens and child support obligations against You.

B. This Contract is the entire agreement between You and Us.

C. If there is more than one of Us or You, this Contract applies to all of those people together, and to each of them on their own.

D. Both Parties must agree in writing to any change to this Contract or waiver of its terms.

E. Except as set forth in the arbitration provision in Section 10 of this Contract, if a court undoes any part of this Contract, the rest of the Contract remains valid.

F. You cannot voluntarily or involuntarily sell, assign, or transfer this Contract, or any of Your rights or duties under this Contract. Any such action taken by You in violation of this section shall be void and of no effect.

G. Except as otherwise required by applicable law, the law of the state of Your domicile (where You regularly reside on the Contract Date) will govern this Contract and disputes under this Contract shall be determined in Your domicile State (where You regularly reside on the Contract Date).

H. This Contract also holds responsible Your heirs, and executors. This Contract will bind and benefit Our successors and assigns, else. However, if properly assigned by Us, this Contract will bind and benefit Our successors and assigns.

Page 10                                          (c) 2011 Providence Settlement Funding, LLC

03/28/2013 16:36 FAX                    ENGRAVING DESIGN                              ☒032

Account ID: S81717

# peachtree

I. Failure to enforce any provision of this Contract is not a waiver of that provision.

J. The Parties may sign this Contract in one or more counterparts. Each counterpart will be considered an original. All counterparts will form one Contract. A facsimile, pdf or other electronic copy of the signed Contract or any counterpart will be considered an original and treated as such in any court (or arbitration) proceeding.

K. We have investigated the proposed transfer of the Purchased Payments and, in light of information available to Us, have identified no violation of any applicable state or federal law.

L. You will not receive an IRS Form 1099 from Us.

M. Titles and headings in this Contract are for convenience only. Do not use them to interpret this Contract.

N. Except as otherwise set forth in this Contract (including the arbitration provision in Section 10 of this Contract), You and We will pay our respective costs and expenses in carrying out this Contract.

You and We, intending to be legally bound, have signed this Contract as of the Contract Date below, and agree to all of its terms and conditions, including the arbitration provision.

By signing below, You also acknowledge that You were advised by Us in writing, that You should obtain independent legal advice and professional tax advice about the sale of the Purchased Payments and to have those advisors review with You, the terms and legal, tax and other effects of this Contract.

Sworn to and subscribed                                         SELLER:
before me this 20 day of March, 2012 ("Contract Date")

_____                                   _____
Notary                                                        Heather Bell

Acknowledged and Agreed:

Sworn to and subscribed                                  SELLER'S SPOUSE (if applicable)
before me this 20 day of March, 2013

_____                                   _____
Notary

                         US:        Peachtree Settlement Funding, LLC

                         BY: _____
                              Lori Borowski, Vice President

6/11/13                        Page 11              © 2011 Peachtree Settlement Funding, LLC

03/28/2013 18:28 FAX

EXHIBIT "B"

☑008

Account X: 58312
March 28, 2013

## FLORIDA
## DISCLOSURE STATEMENT

We will purchase the following payments (Purchased Payments) from You:

A) 1 payment of $25,000.00 on December 7, 2015 B) 1 payment of $25,000.00 on
December 7, 2017

(THE REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK)

© 2011 Peachtree Settlement Funding, LLC

- 1 -

Account ID: 513313
March 28, 2013

The aggregate amount of the Purchased Payments is $50,000.00.

The discounted present value of the aggregate Purchased Payments at the federal interest rate of 1.40% is $47,501.50. The discounted present value is the calculation of the current value of the transferred structured settlement payments (Purchased Payments) under federal standards for valuing annuities.

The gross amount payable to seller (You) is $30,000.00.

No other expenses are incurred by you.

The net amount payable to the seller (You) is $30,000.00.

The net amount that you will receive from us in exchange for your future structured settlement payments represents 63.20% of the estimated current value of the payments based upon the discounted value using the applicable federal rate.

Based on the net amount that You will receive in payment from Us and the amounts and timing of the structured settlement payments that You are selling to Us, this is the equivalent of interest payments to Us at a rate of 15.14% per year. PLEASE NOTE THAT THIS IS NOT A LOAN, BUT A SALE OF PAYMENT RIGHTS AND THE INTEREST FIGURE IS ONLY PROVIDED AS AN ILLUSTRATION OF THE ECONOMIC IMPACT OF THE SALE.

Please be advised there are no penalties or liquidated damages payable by You in the event of any breach of the transfer agreement (Purchase Contract) by You.

By signing below, You are confirming receipt of this Disclosure Statement at least 10 days prior to You first incurring an obligation with respect to the transfer.

HEATHER BELL                    SIGN HERE

-2-

EXHIBIT "C"

peachtree

March 29, 2013

Metropolitan Life Insurance Company
MRMR
2025 Leestown Road, Suite J
Lexington, KY 40511
Attn: Legal Department/Structured Settlements

Metropolitan Insurance And Annuity Company
MRMR
2025 Leestown Road, Suite J
Lexington, KY 40511
Attn: Legal Department/Structured Settlements

RE:    Notice of Sale/Assignment of Payment Rights
       Your Contract #: 38299
       Payee: Heather Boll a/k/a Heather Good

Dear Insurer:

Please be advised that Peachtree Settlement Funding, LLC and/or its successors and assigns, have
entered into a transaction with the above-referenced annuitant who is seeking to transfer certain of his/her
rights to the payments scheduled to be received under the above-referenced annuity policy.  We are currently
seeking court approval pursuant to the applicable structured settlement transfer statute.  Pursuant to the
statute, please note the following information about the Purchaser:

                       Peachtree Settlement Funding, LLC
                       3301 Quantum Boulevard, 2nd Floor
                       Boynton Beach, FL 33426
                       Tax ID # 45-2795843

PLEASE NOTE:  No payments under this annuity should be held until the courts have entered a final order
and we have forwarded this order to you.

Very truly yours,

Peachtree Settlement Funding, LLC


By: _____
       Lori Borowski, Vice President

3301 QUANTUM BOULEVARD, 2ND FLOOR • BOYNTON BEACH, FL 33426
PHONE: (800) 404-8641 • FAX: (866) 455-8067

03/28/2013 10:30 FAX                    EXHIBIT "D"                    ☑055

*Please complete and sign.*                           Account ID: 581717

## STATEMENT OF PROFESSIONAL REPRESENTATION

### Please Choose Either Box A OR Box B Below.

After you have made your choice, <u>SIGN AND DATE</u> the appropriate box signature line.
YOU SHOULD SIGN <u>ONLY ONE BOX</u> -- THE BOX YOU HAVE CHOSEN.

A.   I HAVE BEEN ADVISED BY PEACHTREE SETTLEMENT FUNDING, LLC
("PTSFNV") THAT I SHOULD OBTAIN INDEPENDENT PROFESSIONAL
REPRESENTATION CONCERNING THE LEGAL, TAX AND/OR FINANCIAL
IMPLICATIONS OF THIS TRANSACTION. I FULLY UNDERSTAND THE PURCHASE
AGREEMENT AND THE EFFECTS OF THE TRANSACTION AND I <u>DO NOT WISH TO</u>
<u>SEEK OUT</u> SUCH INDEPENDENT PROFESSIONAL REPRESENTATION.

_Heath Bell_____          Date _3/28/13_
HEATHER BELL

B.   I HAVE OBTAINED INDEPENDENT REPRESENTATION AND I FULLY UNDERSTAND
THE LEGAL, TAX AND/OR FINANCIAL IMPLICATIONS OF THE TRANSACTION,
THE PURCHASE AGREEMENT AND THE RELATED DOCUMENTS. I WAS NOT
REFERRED TO MY PROFESSIONAL ADVISOR BY PTSFNV. THE NAME OF MY
PROFESSIONAL ADVISOR IS SET FORTH BELOW:

_____          Date _____
HEATHER BELL

*To Be Completed By Certified Professional Advisor
Only if you have signed Box B Above*

Name of Professional: _____                    Attorney ID # _____

Phone Number (___) _____

Address: _____

I have met personally and have provided independent professional advice to _____
regarding the legal, tax and financial implications in respect of the Purchase Contract with PTSFNV and the transaction contemplated thereby.
Heather Bell was referred to me by the _____

_____          Date _____
Professional's Signature

SSC.Contract(1).doc                    © 2011 Everystream, Company, XXXYY

EXHIBIT "E"

Apr 03 06 01:43p                                                    p.2

## Metropolitan Life
### AND AFFILIATED COMPANIES

## Metropolitan Life Insurance Company
A Mutual Company Incorporated in New York 1868
One Madison Avenue—New York, New York 10010-3690

Metropolitan Life Insurance Company (herein called Metropolitan) certifies that it will make the payments described in this certificate.

| | |
|---|---|
| Group Annuity Contract No. | 0201 |
| Certificate No. | 38999 |
| Measuring Life | Heather Good |
| Date of Birth of Measuring Life | ████████ 1970 |
| Owner | Metropolitan Insurance and Annuity Company |
| Annuity Commencement Date | December 7, 1995 |
| Beneficiary (if any) | Sandra D. Good, Mother |

COPY

Form G.6124A



Apr 03 08 01:43p                                                          p.3

**Payment of Annuity:**   Metropolitan will make payments under this certificate as follows:

Metropolitan will make the payments shown below to the payee named by the Owner. However, if the Measuring Life is not living on the date any such payment is payable, and unless the Owner directs otherwise, Metropolitan will pay such payment to the Beneficiary.

| Date of Payment | Amount of Payment |
|---|---|
| December 7, 1995 | $10,000.00 |
| December 7, 1997 | $15,000.00 |
| December 7, 2000 | $20,000.00 |
| December 7, 2002 | $20,000.00 |
| December 7, 2005 | $20,000.00 |
| December 7, 2007 | $20,000.00 |
| December 7, 2010 | $25,000.00 |
| December 7, 2012 | $25,000.00 |
| December 7, 2015 | $25,000.00 |
| December 7, 2017 | $25,000.00 |
| December 7, 2020 | $25,000.00 |
| December 7, 2022 | $30,000.00 |
| December 7, 2025 | $80,000.00 |
| December 7, 2027 | $50,000.00 |
| December 7, 2030 | $100,000.00 |
| December 7, 2032 | $204,504.00 |
| December 7, 2036 | |

Form G.4326A



EXHIBIT D

IN THE CIRCUIT COURT OF SUMTER COUNTY, STATE OF FLORIDA

IN RE
APPROVAL FOR TRANSFER OF STRUCTURED              )
SETTLEMENT PROCEEDS BY                           )    Case No  2013-CA-00543
                                                 )
HEATHER BELL A/K/A HEATHER GOOD,                 )
                                                 )
                                                 )
        Transferor/Payee,                        )
                                                 )
_____          )

## ORDER

THIS MATTER came before this Court on the Petition   The Court has
considered the Petition of HEATHER BELL A/K/A HEATHER GOOD for the transfer
of structured settlement payment rights pursuant to Florida Statutes 626 99296   The
interested parties to this action as defined by Florida Statutes 626 99245 are as follows

A   Payee
                    HEATHER BELL A/K/A HEATHER GOOD


B   Structured Settlement Obligor

                    Metropolitan Insurance And Annuity Company
                    MRMR
                    2025 Leestown Road, Suite J
                    Lexington, KY 40511

C   Annuity Issuer       Metropolitan Life Insurance Company
                    MRMR
                    2025 Leestown Road, Suite J
                    Lexington, KY 40511


D   Transferee

                    Peachtree Settlement Funding, LLC
                    3301 Quantum Boulevard, 2nd Floor
                    Boynton Beach, FL 33426


Inst 201360017005 Date 5/9/2013 Time 10 30 AM
DC Gloria R  Hayward,Sumter County Page 1 of 4 B 2608 P 214

Heather Bell aka Heather Good                    1

Inst. Number: 201360017005  Book: 2608  Page: 215  Date: 5/9/2013  Time: 10:30:01 AM  Page 2 of 4
Gloria Hayward Clerk of Courts, Sumter County, Florida

The Court, upon such Petition, makes the following findings

1       The transfer sought to be approved complies with the requirements of
        Florida Statutes 626 99296, and does not contravene any Federal or State
        statute or the order of any court or responsible administrative authority

2       At least ten (10) days before the date on which Payee, HEATHER BELL
        A/K/A HEATHER GOOD, first incurred an obligation with respect to the
        transfer, the Transferee, Peachtree Settlement Funding, LLC, provided to
        the Payee the Disclosure Statement as required by Florida Statutes
        626 99296.

3       The Payee has established that the transfer is in the best interest of the
        Payee, taking into account the welfare and support of the Payee's
        Dependants

4       The Payee has received, or waived his/her right to receive, independent
        professional advice regarding the legal, tax, and financial implications of
        the transfer

5       The Transferor has given written notice of the Transferee's name, address
        and taxpayer identification number to the Annuity Issuer and the
        Structured Settlement Obligor, and has filed a copy of the Notice with the
        Court

6       The Transfer Agreement provides that if the Payee is domiciled in this
        state, any disputes between the parties will be governed in accordance
        with the laws of this state, and that the domicile state of the Payee is the
        proper venue to bring any cause of action arising out of a breach of the
        Agreement

7       The Court has determined that the net amount payable to the Payee is fair,
        just, and reasonable under the Circumstances then existing

8       All parties have received proper notice of the proposed transfer and the
        application for its authorization

Based on the foregoing findings, it is hereby
        ORDERED AND ADJUDGED that

Inst 201360017005 Date 5/9/2013 Time 10 30 AM
_____DC Gloria R  Hayward Sumter County Page 2 of 4 B 2608 P 215

Heather Bell aka Heather Good                    2

Inst. Number: 201360017005  Book: 2608  Page: 216  Date: 5/9/2013  Time: 10:30:01 AM  Page 3 of 4
Gloria Hayward Clerk of Courts, Sumter County, Florida

A    The transfer of structured settlement payment rights, as described in the Purchase Agreement filed with the application in this matter, is hereby APPROVED, and no party to this proceeding shall hereafter refuse to honor this approved transfer

B    Metropolitan Life Insurance Company is hereby AUTHORIZED to remit the Transferred Payments, payable to HEATHER BELL A/K/A HEATHER GOOD, to-wit

A) 1 payment of $25,000 00 on December 7, 2015 B) 1 payment of $25,000 00 on December 7, 2017

to the following address

Peachtree Settlement Funding, LLC
P O Box 83364
Woburn, MA 01813-3364
Tax ID #

C    The Transferee is hereby required to indemnify the Annuity Issuer and the Structured Settlement Obligor for any liability, including reasonable costs and attorney's fees, which arises from compliance by the Issuer or Obligor with regard to this Order of the above Court

D    This Order is entered without prejudice to the rights of the Metropolitan Life Insurance Company and the Court makes no finding regarding the enforceability of any nonassignment provision(s) contained in the original settlement agreement or related documents

E    This Order in no way modifies or negates the ownership or control of the underlying annuity contract by the Metropolitan Life Insurance Company

F    The Transferee shall be liable to the Structured Settlement Obligor and to the Annuity Issuer

a    If the transfer contravenes the terms of the structured settlement, for any taxes incurred by the Structured Settlement Obligor or the Annuity Issuer as a consequence of the transfer, and

b    For any liabilities or costs, including reasonable costs and attorneys' fees, arising from compliance by such parties with this order of the Court or arising as a consequence of the Transferee's failure to comply with the Act

G   The Structured Settlement Obligor and Annuity Issuer shall irrevocably change the beneficiary for the Transferred Payments to the Transferee, ands no other individual or entity other than the Transferee shall have the authority to change beneficiary for the Transferred Payments  However, the Transferred Payments shall be made to the Transferee even in the event of the Transferor's death, and the Transferor understands she is giving up her rights, and the rights of her heirs, successor and/ or beneficiaries, to the Transferred Payments

DONE AND ORDERED in Sumter County, Florida on this the 30th day of April 2013

CIRCUIT COURT JUDGE

Certificate of Service

I certify that a true copy of the above and foregoing has been furnished to each of the following named addresses by regular U S Mail on this _6_ day of _May_ 2013

Harold B Stephens, Esquire
3591 West Gulf to Lake Highway
Lecanto, FL 34461

GLORIA R HAYWARD
CLERK OF THE CIRCUIT COURT

By _____
Deputy Clerk/Judicial Assistant

Heather Bell aka Heather Good                    4

EXHIBIT E

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
John Marshall Courts Building

| | |
|---|---|
| ROBERT SLOTNICK<br>    Plaintiff and Judgment Creditor, | )<br>)<br>) |
| v. | )   Civil Action No. CL10-2733<br>) |
| HEATHER BELL,<br>    et al.,<br>    Defendants and Judgment Debtors. | )<br>)<br>)<br>) |

## NOTICE OF LIEN OF FIERI FACIAS

To:    METROPOLITAN LIFE INSURANCE COMPANY
       Serve: CT Corporate System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA  23060
              (Henrico County)

WITH A COPY TO:

       HEATHER BELL
       Serve: ███████████████
              Richmond, VA  23220
              (City of Richmond)

You are hereby notified that Robert Slotnick obtained a judgment in the Circuit Court of the City of Richmond, Virginia, on September 28, 2010, against Heather Bell, and others, for sums totaling $175,294.00 (inclusive of principal, attorney's fees and judgment costs awarded) with interest at the rate of 25.0% per annum from May 29, 2009 until paid; that a Writ of *Fieri Facias* was issued upon that judgment on September 14, 2011, returnable to the Circuit Court for the City

of Richmond; and that copies of the Writ were delivered into the hands of the Sheriffs of Henrico County and the City of Richmond on or before October 4, 2011.

You are further notified that this Writ of *Fieri Facias* created a lien from the time it was first delivered into the hands of any sheriff to be executed upon all of the personal estates of Heather Bell (as well as the other judgment debtors), or any property to which the judgment debtors are or may hereafter become possessed or entitled.

As a person who may now be or later become indebted to Heather Bell in any way, or who may have any of the personal estate or property of either of this judgment debtor in your possession, you are hereby given notice of the Writ of *Fieri Facias* and of the fact that under the laws of the Commonwealth of Virginia you will be held personally responsible accordingly for any payments or deliveries of personal estate made by you or your agents to Heather Bell, or to any agent of those judgment debtors, after service of this Notice.

ROBERT SLOTNICK

By: _____
                    Counsel

Bradley P. Marrs
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, Virginia 23226
(804) 622-1237
fax (804) 565-1237
marrs@mgm-law.com

EXHIBIT F

# MARRS

## LAW FIRM, PLLC

7202 Glen Forest Drive
Suite 307
Richmond, VA 23226
TEL 804.662-5716
FAX 804.662-5712
bmarrs@marrslaw.com

June 13, 2013

Nicholas Corson
Legal Affairs,
Metrolpolitan Life Insurance Company
1095 Avenue of the Americas
New York, NY 10036

Re:     Slotnick v. Heather Bell;
        Your letter of June 12, 2013

Dear Mr. Corson:

I thank you for your letter of June 12, calling to my attention the potential invocation of Mr. Slotnick's rights under his lien of *fieri facias* against Mrs. Bell's annuity contract.

As an initial matter, I would like to call to your attention my new contact information, as shown above. (I moved in March 2012.) Please direct all future correspondence here.

In this case, our lien attached to assets within the jurisdiction of the courts of Virginia, and all proceedings with respect to our lien would take place in the courts of Virginia. As you know, in matters of procedure (including matters of judgment lien enforcement), the applicable law is the law of the forum state (Virginia), and not that of Florida nor of any other state where Mrs. Bell may choose to relocate.

Accordingly, Mrs. Bell is in error to rely upon a Florida statute in this matter, as that state's law will have no impact upon the outcome of Mr. Slotnick's lien.

We trust you will continue to safeguard this asset due to the lien of *fieri facias*, but also must forewarn you that should Met Life act on its own to distribute the asset to Mrs. Bell without payment to Mr. Slotnick, we would have to hold Met Life liable for any funds improperly distributed.

Sincerely,

Bradley P. Marrs

BPM/
cc:    Robert Slotnick (w/encl.)

EXHIBIT G

Inst. Number: 201360028556  Book: 2655  Page: 117  Date: 8/2/2013  Time: 2:19:00 PM  Page 1 of 1
Gloria Hayward Clerk of Courts, Sumter County, Florida

IN THE CIRCUIT COURT OF SUMTER COUNTY, STATE OF FLORIDA

IN RE                                                    )

APPROVAL FOR TRANSFER OF STRUCTURED      )      Case NO  2013-CA-000543
SETTLEMENT PROCEEDS BY                        )

Heather Bell aka Heather Good                    )

    Transferor/Payee,

_____/

ORDER TO VACATE OR SET ASIDE ORDER OF April 30, 2013

    Subsequent to the entry of the Court Order of April 30, 2013, all parties have determined that Heather Bell aka Heather Good and Peachtree Settlement Funding, LLC have agreed that the Order should be vacated

    This action being before the Court, on a Motion to Vacate or Set Aside Order of April 30, 2013 no objection having been filed by any interested parties, and the Court being fully advised, it is

    ADJUDGED THAT THE Motion to Vacate is granted and the Order of April 30, 2013 is vacated

    DONE AND ORDERED in Sumter County, Florida on this 26th day of July 2013

                                 _Michelle T. Morley_
                                 Honorable Michelle Morley
                                 Circuit Court Judge

Certificate of Service

I certify that a true copy of the above and foregoing has been furnished to each of the following named addresses by regular U S  Mail on this 31 day of July 2013

Harold B Stephens, Esquire
3591 West Gulf to Lake Highway
Lecanto, FL  34461

                GLORIA R HAYWARD
                CLERK OF THE CIRCUIT COURT

                By _Wavona Mosher_
                Deputy Clerk/Judicial Assistant

EXHIBIT H

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND
FOR SUMTER COUNTY, FLORIDA

APPROVAL FOR TRANSFER OF STRUCTURED )
SETTLEMENT PROCEEDS BY                )      Case No.: 2013-CA-00543
                                      )
HEATHER BELL A/K/A HEATHER GOOD       )


AMENDED MOTION TO DISMISS ORDER TO VACATE AND RULE ON
EXEMPTION OF ANNUITY PROCEEDS

Petitioner Heather Bell respectfully moves for a motion to dismiss the Order to Vacate or Set

Aside Order dated July 26th, 2013. In support of this motion, Petitioner states as follows:

DISMISS ORDER TO VACATE

1. Heather Bell and Peachtree Settlement Funding requested a Court Order approving the
   transfer of structured settlement payment rights.

2. Metlife, as annuity holder was properly noticed of the hearing for Transfer approval of
   structured settlement proceeds.

3. A Court Order was issued on April 30th, 2013 approving the transfer of structured
   settlement payment rights.

4. MetLife, as holder of the annuity refused to honor the Court Order, stating that a lien
   holder of Heather Bell (Robert Slotnick) had claimed rights to the annuity proceeds.

5. Metlife was notified of Florida Statute 222.14 that states "an annuity contract issued to
   residents of the state, shall not in any case be liable to attachment, garnishment or legal
   process in favor of any creditor."

6. After multiple requests and waiting approximately three frustrating months for MetLife to comply with the Court Order, Peachtree Funding filed for a motion to vacate order.

7. The Order to Vacate or Set Aside Order states "all parties have determined that Heather Bell A/K/A Heather Good and Peachtree Funding have agreed that the Order should be vacated."

8. Petitioner, Heather Bell never received any notice that a motion to vacate or set aside order had been filed, nor did Heather Bell ever agree to vacate or set aside the Order.

Petitioner, Heather Bell respectfully asks the court to dismiss the Order to Vacate.

## ANNUITY PROCEEDS EXEMPTION

Petitioner, Heather Bell respectfully asks the court to rule that the annuity proceeds are exempt from garnishment under Florida Statute 222.14 and/or any other statutes, award Petitioner court costs and for such other relief as the Court deems just, proper and equitable.

Petitioner is agreeable to the Court dismissing the Order to Vacate and making a ruling on the exemption of annuity proceeds without the necessity of a hearing.

Dated: January 3, 2014                                Respectfully submitted,

                                                      Heather Bell

                                                      By: _____
                                                                  Petitioner

Heather Bell
██████████████
Orlando, Fl. 32814
(804) 240-9548 Telephone

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2014, a true and accurate copy of the foregoing Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds was served by U.S. mail, postage prepaid, to the parties as follows:

Stephanie Segalini
Akerman Senterfitt
420 S. Orange Avenue
Suite 1200
Orlando, FL, 32801
*Counsel for MetLife*

Peachtree Settlement Funding, LLC
3301 Quantum Blvd, 2nd Floor
Boynton Beach, FL 33426

Robert Slotnick
████████████████████
Glenn Allen, VA 23059

Heather Bell

By: _____
                    Petitioner

3

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND
FOR SUMTER COUNTY, FLORIDA

APPROVAL FOR TRANSFER OF STRUCTURED )
SETTLEMENT PROCEEDS BY                )      Case No.: 2013-CA-00543
                                      )
HEATHER BELL A/K/A HEATHER GOOD       )


## AFFIDAVIT OF HEATHER BELL

Personally appeared before me, Heather Bell, being duly sworn on oath, and says:

1.      I am over the age of 18, of sound mind, and otherwise competent to make this affidavit.

2.      I am a full time resident of ███████████ Orlando Florida 32814 and have resided in Florida for over three years.

3.      I am registered to vote in the State of Florida.

4.      My children attend school in Florida.

5.      My driver's license is from the state of Florida.

6.      I am domiciled in the state of Florida.


FURTHER, AFFIANT SAYETH NOT.

_____Heather Bell_____
Heather Bell

1/3/2014
Date

NOTARY

STATE OF ____Floridc_____ )
)
CITY/COUNTY OF ____Olange_____ )

The foregoing instrument was acknowledged before me this __3__ day of January 2014, by

Heather Bell, who is personally known to me and who did take an oath.

_____ Ron Jennings
Notary Public

__1/3/14__
Date

My commission expires: __10/25/16__

Commission #EE 846578



RON JENNINGS
MY COMMISSION # EE 846578
EXPIRES: October 28, 2010

2