EXHIBIT I

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT IN AND FOR SUMTER
COUNTY, FLORIDA

IN RE APPROVAL FOR TRANSFER OF
STRUCTURED                SETTLEMENT
PROCEEDS BY

HEATHER   BELL   A/K/A   HEATHER
GOOD

      Transferor/Payee.                    Case No. 2013-CA-00543
_____/

### METROPOLITAN LIFE INSURANCE COMPANY'S OBJECTION TO HEATHER BELL'S PETITION FOR COURT APPROVAL OF STRUCTURED SETTLEMENT PAYMENT RIGHTS

      Annuity Issuer, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, hereby objects to Transferor/Payee, Heather Bell's (Bell), Petition for Court Approval of Structured Settlement Payment Rights ("Petition"), and states as follows:

### INTRODUCTION

      1.    On April 4, 2013, Bell filed her Petition for Court Approval of Structured Settlement Payment Rights and Notice of Hearing ("Petition") seeking approval of a transfer of structured settlement annuity payments from herself to Transferee, Peachtree Settlement Funding, LLC ("Peachtree").

      2.    The structured settlement annuity payments at issue ("Annuity Funds") arise out of a 1994 settlement agreement entered into by Transferor/Payee, Heather Good n/k/a Heather Bell, which resolved a personal injury claim. *See* Release and Settlement Agreement, a true and accurate copy of which is attached as Exhibit 1.

      3.    Metropolitan Insurance and Annuity Company, now known as Metropolitan Tower Life Insurance Company, is the owner of Group Annuity Contract No. 8281 bearing

Certificate No. 38299 ("Group Annuity"). Metropolitan Life Insurance Company issued this Group Annuity for the benefit of payee Heather Good n/k/a Heather Bell, and a true and accurate copy of the Certificate for the Group Annuity is attached as Exhibit 2. Beginning in 1995, MetLife has made periodic payment of Annuity Funds to Heather Bell as described in the Certificate.

4. In February 2012, MetLife received a Notice of Lien *Fieri Facias* ("Notice of Lien") from Bradley P. Marrs, Virginia counsel for Judgment Creditor Robert Slotnick ("Slotnick"), a Virginia citizen. A true and accurate copy of the Notice of Lien is attached as Exhibit 3. Pursuant to the Notice of Lien, Robert Slotnick obtained a Judgment in the Circuit Court of the City of Richmond, Virginia, against Heather Bell, and others, for sums totaling $175,294.00, and a Writ of *Fieri Facias* was issued upon that Judgment on September 14, 2011.

5. Robert Slotnick, through his Virginia counsel, Bradley P. Marrs, has threatened to "hold MetLife liable" for any future payments of Annuity Funds to any entity other than Robert Slotnick. *See* correspondence from Mr. Marrs, attached as Exhibit 4.

## METLIFE'S OBJECTION

6. As a disinterested stakeholder, MetLife does not take a position on who is entitled to the Annuity Funds, Peachtree or Slotnick. To that end, MetLife is moving forward with an interpleader action involving both Bell and Slotnick so a Court of competent jurisdiction can decide the parties' competing claims to the Annuity Funds.

7. Bell's Petition seeking the Court's approval of a transfer of the Annuity Funds to Peachtree, which Bell filed despite her full knowledge of the Notice of Lien and resulting Writ, and Robert Slotnick's position regarding its enforceability as it relates to the Annuity Funds, has put MetLife in the untenable position of being required by law to abide by a properly noticed lien

2

on the Annuity Funds while also being asked to consent to the transfer of those same Annuity Funds.

WHEREFORE, MetLife objects to Heather Bell's Petition for Court Approval of Structured Settlement Payment Rights because it cannot take any action related to the Annuity Funds without risking multiple liability and requests that the Court deny the Petition.

Respectfully submitted,

AKERMAN LLP (f/k/a Akerman Senterfitt)

By: */s/ Stephanie A. Segalini*
Stephanie A. Segalini, Esq.
Florida Bar No. 092630
420 South Orange Avenue, Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000
Fax: (407) 843-6610
Primary Email: stephanie.segalini@akerman.com
Secondary Email: eileen.haywood@akerman.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 14th day of January, 2014, by e-mail and/or U.S. mail to:

Heather Bell, *pro se*

Orlando, FL 32814

Harold B. Stephens, Esquire
3591 W. Gulf to Lake Hwy.
Lecanto, Florida 34461
haroldstephens@tampabay.rr.com
*Counsel for Peachtree Settlement Funding, LLC*

Robert Slotnick

Glen Allen, VA 23059

Bradley P. Marrs, Esquire
Marrs Law Firm, PLLC
7202 Glen Forest Drive, Suite 307
Richmond, VA 23226
bmarrs@marrslaw.com
*Virginia Counsel for Robert Slotnick*

/s/ Stephanie A. Segalini
Stephanie A. Segalini, Esq.

EXHIBIT 1

# RELEASE AND SETTLEMENT AGREEMENT

## I. RELEASE AND SETTLEMENT

A. THE undersigned, Heather Good, "CLAIMANT", of lawful age on this ___9th___ day of __November__, 1994, for and in consideration of the sums of:

One Hundred Twenty-Four Thousand One Hundred Ninety and 00/100 Dollars ($124,190.00) payable to Heather Good;

Nine Thousand Five Hundred and no/100 Dollars ($9,500.00) previously advanced to Heather Good and

Sixteen Thousand Three Hundred Ten and 00/100 Dollars ($16,310.00) payable to Heather Good and Liberty Mutual; by United Services Automobile Association "INSURER" and the periodic payments as provided for under Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, specified in Section II, paragraph C to this Agreement, which INSURER contracts and agrees to pay or cause to be paid to the persons or entities named in Section II, paragraph C, the receipt and legal sufficiency of all of which are expressly acknowledged, does hereby forever RELEASE, ACQUIT AND DISCHARGE the Mark A. Yuhay "RESPONDENT", INSURER and its servants, agents, officers, attorneys, claim adjusters, successors, heirs, assigns and all other persons, firms or corporations, from any and all claims, actions, causes of action, damages, or other obligations of every kind and character, including all expenses incurred or to be incurred, any and all liens, known or unknown, on account or arising out of or in any way related to any and all injuries or damages to me, as a result of an occurrence involving CLAIMANT and RESPONDENT on or about the 8th day of June, 1992, at or near 95 Kirkman Road, Pittsford, New York.

B. THIS RELEASE IS INTENDED TO AND DOES COVER ALL CLAIMS FOR INJURIES AND/OR DAMAGES, WHETHER OR NOT KNOWN TO THE PARTIES AT THE TIME THIS SETTLEMENT AGREEMENT IS EXECUTED, WHICH HAVE RESULTED, MAY HEREAFTER RESULT FROM, MAY HAVE BEEN, OR MAY BE CLAIMED TO HAVE BEEN CAUSED BY OR RESULTED FROM THE DESCRIBED OCCURRENCES.

C. As additional consideration for the described payments, CLAIMANT, for herself, her heirs, executors or administrators, and assigns, agrees to and does indemnify and hold harmless RESPONDENT, INSURER and all others released by this AGREEMENT from any and all claims, demands and causes of action of any nature or character which have been made, or which may in the future be made by any person, firm or corporation claiming by, through or under them, including, but not limited to, all hospital, medical or other expenses or liens, known or unknown, which are or could be asserted, any and all medical bills incurred due to an accident occurring on or about June 8, 1992.

## II. PERIODIC PAYMENTS

A. RESPONDENT and INSURER agree that the Claimant (to whom, or upon whose behalf, the periodic payments contracted for in this AGREEMENT are to be paid) made claim against RESPONDENT for damages arising from, or involving physical injuries or physical sickness. These claims,

R. GARCIA

NOV 9 R 1994

among others, are being released and settled by this AGREEMENT.

B. The Parties further agree that the RESPONDENT and/or the INSURER may make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue Code of 1986, as amended, of the RESPONDENT'S and/or the INSURER'S liability to make the periodic payments herein. Any such assignment, if made, shall be accepted by the CLAIMANT without right of rejection and shall completely release and discharge the RESPONDENT and the INSURER from such obligations as are assigned to Metropolitan Insurance & Annuity Company, the ASSIGNEE. The CLAIMANT recognizes that, in the event of such assignment, the ASSIGNEE shall be sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the RESPONDENT and the INSURER shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a "qualified assignment":

(1) That periodic payments from the ASSIGNEE cannot be accelerated, deferred, increased or decreased by the CLAIMANT; (2) The ASSIGNEE does not provide to the CLAIMANT rights against the ASSIGNEE that are greater than those of a general creditor; and (3) the ASSIGNEE'S obligation for payment of the periodic payments is not greater than the obligation of the RESPONDENT and/or the INSURER prior to execution of the assignment.

C. PERIODIC PAYMENT SCHEDULE PAYABLE TO HEATHER GOOD:

| | |
|---|---|
| Payment on 12/07/1995 | $10,000.00 |
| Payment on 12/07/1997 | $15,000.00 |
| Payment on 12/07/2000 | $20,000.00 |
| Payment on 12/07/2002 | $20,000.00 |
| Payment on 12/07/2005 | $20,000.00 |
| Payment on 12/07/2007 | $20,000.00 |
| Payment on 12/07/2010 | $25,000.00 |
| Payment on 12/07/2012 | $25,000.00 |
| Payment on 12/07/2015 | $25,000.00 |
| Payment on 12/07/2017 | $25,000.00 |
| Payment on 12/07/2020 | $25,000.00 |
| Payment on 12/07/2022 | $25,000.00 |
| Payment on 12/07/2025 | $30,000.00 |
| Payment on 12/07/2027 | $50,000.00 |
| Payment on 12/07/2030 | $50,000.00 |
| Payment on 12/07/2032 | $100,000.00 |
| Payment on 12/07/2035 | $204,504.00 |

D. The RESPONDENT, the INSURER and/or the ASSIGNEE reserves the right to fund its liability to make periodic payments through the purchase of an annuity contract from Metropolitan Life Insurance Company. The RESPONDENT, the INSURER and/or the ASSIGNEE shall be the owner of the annuity policy, and shall have all rights of ownership. The RESPONDENT, the INSURER and/or the ASSIGNEE may direct the annuity carrier, Metropolitan Life Insurance Company, to mail payments

R. GARCIA

NOV 2 8 1994

directly to the CLAIMANT. The CLAIMANT shall be responsible for maintaining the currency of the proper mailing address and evidence of survivorship with Metropolitan Life Insurance Company.

C. Any periodic payments to be made after the death of the Claimant pursuant to the terms of this SETTLEMENT AGREEMENT shall be made to such person or entity as shall be designated in writing by the Claimant to the Insurer's ASSIGNEE. If no person or entity is designated by the Claimant, or if the person or entity designated is not living at the time of the Claimant's death, the payments will be made to the Estate of the Claimant.

### III. GENERAL PROVISIONS

A. It is expressly understood and agreed that this settlement is a compromise of a disputed claim, that the payments provided for may not be construed as an admission of liability by RESPONDENT or INSURER, and that RESPONDENT and INSURER expressly deny any liability to CLAIMANT.

B. CLAIMANT covenants that no representations or promises other than those expressed in this SETTLEMENT AGREEMENT have been made to her in regard to this settlement, that she has carefully read and fully understands this SETTLEMENT AGREEMENT, and that she understands that upon execution of this SETTLEMENT AGREEMENT, all rights, claims or demands CLAIMANT may have against RESPONDENT and INSURER, except the contract to make periodic payments included in this SETTLEMENT AGREEMENT, are completely extinguished.

C. SETTLEMENT AGREEMENT is to be construed and interpreted under the laws of the State of New York.

EXECUTED BY ALL PARTIES as of the date first stated above.

| | |
|---|---|
| _Sandra A. Clark_ | _H. Garcia_ |
| Witness | Claimant Coco |

R. GARCIA

NOV 28 1994

# Uniform Qualified Assignment and Release

'Claimant'    HEATHER GOOD

'Assignor'    UNITED SERVICES AUTOMOBILE ASSOCIATION

'Assignee'    METROPOLITAN INSURANCE & ANNUITY COMPANY

'Annuity Issuer'    METROPOLITAN LIFE INSURANCE COMPANY

'Effective Date'    *November 9, 1994*

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A.  Claimant has executed a settlement agreement or release dated ___November 9___, 19_94_, (the 'Settlement Agreement') that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant as stated in Addendum No. 1 (the 'Periodic Payments'); and

B.  The parties desire to effect a 'qualified assignment' within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986 (the 'Code').

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1.  The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Addendum No. 1.

2.  The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(2) and 130(c) of the Code.

3.  The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered.

4.  The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

5.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of ___New York___.

6.  The Assignee may fund the Periodic Payments by purchasing a 'qualified funding asset' within the meaning of Section 130(d) of the Code in the form of an annuity contract issued by the Annuity Issuer. All rights of ownership and control of such annuity contract shall be and remain vested in the Assignee exclusively.

7.  The Assignee may have the Annuity Issuer send payments under any 'qualified funding asset' purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the Claimant or any payee with any rights of ownership or control over the 'qualified funding asset' or against the Annuity Issuer.

8. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

9. In the event this Settlement Agreement is declared terminated by a court of law or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then decline ownership of any "qualified funding asset" purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

11. The Claimant hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases the Assignor from all liability for the Periodic Payments.

Assignor: United Services Automobile Assn.

By: _____
Authorized Representative

Title: Senior Examiner

Assignee: Metropolitan Insurance & Annuity Co

By: _____
Authorized Representative

Title: _____

Claimant: _____
Heather Good

Approved As to Form and Content:

By: N/A
Claimant's Attorney

NOV 07 1994

R. GAHOM

NOV 2 8 1994

Printed In USA    NSSTA  National Structured Settlements Trade Association    Form No. 140

## Addendum No. 1
### Description of Periodic Payments

PAYEE: HEATHER GOOD

BENEFICIARY: Sandra O. Good, Mother

| | |
|---|---|
| Payment on 12/07/1995 | $10,000.00 |
| Payment on 12/07/1997 | $15,000.00 |
| Payment on 12/07/2000 | $20,000.00 |
| Payment on 12/07/2002 | $20,000.00 |
| Payment on 12/07/2005 | $20,000.00 |
| Payment on 12/07/2007 | $20,000.00 |
| Payment on 12/07/2010 | $25,000.00 |
| Payment on 12/07/2012 | $25,000.00 |
| Payment on 12/07/2015 | $25,000.00 |
| Payment on 12/07/2017 | $25,000.00 |
| Payment on 12/07/2020 | $25,000.00 |
| Payment on 12/07/2022 | $25,000.00 |
| Payment on 12/07/2025 | $30,000.00 |
| Payment on 12/07/2027 | $50,000.00 |
| Payment on 12/07/2030 | $50,000.00 |
| Payment on 12/07/2032 | $100,000.00 |
| Payment on 12/07/2035 | $204,504.00 |

Payee may request in writing that assignee change the beneficiary designation under this agreement. Any change of the beneficiary designation will only be made with the assignee's consent. Assignee's decision will be final. Assignee will not be liable for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.

Initials

Claimant: _Heather Good_

Assignor: _RES_

Assignee: _JM_

R. GARCIA

NOV 28 1994

Printed in USA

EXHIBIT 2



Number & Reserve
RC 1/19

## Metropolitan Life
### AND AFFILIATED COMPANIES

## Metropolitan Life Insurance Company
A Mutual Company Incorporated in New York State
One Madison Avenue—New York, New York 10010-3690

Metropolitan Life Insurance Company (herein called Metropolitan) certifies that it will make
the payments described in this certificate.

| | |
|---|---|
| Group Annuity Contract No. | 8281 |
| Certificate No. | 38299 |
| Measuring Life | Heather Good |
| Date of Birth of Measuring Life | ████ 1970 |
| Owner | Metropolitan Insurance and Annuity Company |
| Annuity Commencement Date | December 7, 1995 |
| Beneficiary (if any) | Sandra O. Good, Mother |



COPY

Form G.4924A

**Rights of Owner:** The Owner owns the annuity described in this certificate. The Owner will have the right at any time to designate the payee, including the Beneficiary, to whom benefits are payable under the annuity. However, unless the Owner otherwise directs, Metropolitan will make all payments under the annuity to the person(s) named in the certificate.

In addition, at any time after the death of the Measuring Life, the Owner may direct Metropolitan to pay, in lieu of any term certain annuity payments described in this certificate, the commuted value of all remaining term certain annuity payments in a single sum to a payee named by the Owner. The commuted value of such annuity payments will be calculated using the same interest rate(s) as that used in determining the purchase price of the annuity.

No such change in payee or terms of payment will be effective until written notice of the change is received by Metropolitan. However, any change in a Beneficiary designation will take effect as of the date the request was signed but without prejudice to Metropolitan on account of any payment made by it before receipt of the request. When contacting Metropolitan the Owner should mention the Contract number and the name and certificate number of the Measuring Life.

**Proof of Living:** Metropolitan may require proof that the Measuring Life, the Beneficiary or other payee, as the case may be, is living on the date on which any annuity payment is to be made. If proof is requested, no payment will be made until the proof has been received by Metropolitan.

**Beneficiary:** If two or more Beneficiaries are designated and their respective interests are not specified, their interests will be several and equal.

**Change or Waiver:** No sales representative or other person, except an authorized officer of Metropolitan, may make or change any certificate or make any binding promises about any certificate on behalf of Metropolitan. Any amendment, modification or waiver of any provision of this certificate will be in writing and may be made effective on behalf of Metropolitan only by an authorized officer of Metropolitan.

**Misstatements:** If the age or sex of the Measuring Life or any other relevant fact has been misstated, Metropolitan will not pay a greater amount of annuity than that provided by the actual amount received to purchase the annuity and the correct information. Any overpayment of annuity will, together with interest, be deducted from future annuity payments. Any underpayment of an annuity will, together with interest, be paid immediately upon receipt of the corrected information. The interest rate(s) will be that used in determining the purchase price of the annuity.

**Nonassignability; Claims of Creditors:** This certificate and the payments provided under it are nonassignable and will be exempt from the claims of creditors to the maximum extent permitted by law.

**Payment of Annuity:** Metropolitan will make payments under this certificate as follows:

Metropolitan will make the payments shown below to the payee named by the Owner. However, if the Measuring Life is not living on the date any such payment is payable, and unless the Owner directs otherwise, Metropolitan will pay such payment to the Beneficiary.

| Date of Payment | Amount of Payment |
|---|---|
| December 7, 1995 | $10,000.00 |
| December 7, 1997 | $15,000.00 |
| December 7, 2000 | $20,000.00 |
| December 7, 2002 | $20,000.00 |
| December 7, 2005 | $20,000.00 |
| December 7, 2007 | $20,000.00 |
| December 7, 2010 | $25,000.00 |
| December 7, 2012 | $25,000.00 |
| December 7, 2015 | $25,000.00 |
| December 7, 2017 | $25,000.00 |
| December 7, 2020 | $25,000.00 |
| December 7, 2022 | $25,000.00 |
| December 7, 2025 | $30,000.00 |
| December 7, 2027 | $50,000.00 |
| December 7, 2030 | $50,000.00 |
| December 7, 2032 | $100,000.00 |
| December 7, 2035 | $204,504.00 |

EXHIBIT 3

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
John Marshall Courts Building

| | |
|---|---|
| ROBERT SLOTNICK<br>Plaintiff and Judgment Creditor, | )<br>)<br>) |
| v. | )  Civil Action No. CL10-2733<br>) |
| | ) |
| HEATHER BELL<br>et al.,<br>Defendants and Judgment Debtors. | )<br>)<br>) |

## NOTICE OF LIEN OF FIERI FACIAS

To:   METROPOLITAN LIFE INSURANCE COMPANY
      Serve: CT Corporate System, Registered Agent
            4701 Cox Road, Suite 301
            Glen Allen, VA 23060
            (Henrico County)

WITH A COPY TO:

      HEATHER BELL
      Serve: ███████████████
            Richmond, VA 23220
            (City of Richmond)

You are hereby notified that Robert Slotnick obtained a judgment in the Circuit Court of the City of Richmond, Virginia, on September 28, 2010, against Heather Bell, and others, for sums totaling $175,294.00 (inclusive of principal, attorney's fees and judgment costs awarded) with interest at the rate of 25.0% per annum from May 29, 2009 until paid; that a Writ of *Fieri Facias* was issued upon that judgment on September 14, 2011, returnable to the Circuit Court for the City

of Richmond; and that copies of the Writ were delivered into the hands of the Sheriffs of Henrico County and the City of Richmond on or before October 4, 2011.

You are further notified that this Writ of *Fieri Facias* created a lien from the time it was first delivered into the hands of any sheriff to be executed upon all of the personal estates of Heather Bell (as well as the other judgment debtors), or any property to which the judgment debtors are or may hereafter become possessed or entitled.

As a person who may now be or later become indebted to Heather Bell in any way, or who may have any of the personal estate or property of either of this judgment debtor in your possession, you are hereby given notice of the Writ of *Fieri Facias* and of the fact that under the laws of the Commonwealth of Virginia you will be held personally responsible accordingly for any payments or deliveries of personal estate made by you or your agents to Heather Bell, or to any agent of those judgment debtors, after service of this Notice.

ROBERT SLOTNICK

By: _____
Counsel

Bradley P. Marrs
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, Virginia 23226
(804) 622-1237
fax (804) 565-1237
marrs@mgm-law.com

EXHIBIT 4



**MGMLAW**

Meyer, Goergen & Marrs

1802 Bayberry Court, Suite 200
Richmond, VA 23226
TEL 804.288.3600 ~ FAX 804.565.1231
www.mgm-law.com

reply to writer at:
TEL 804.622.1237
FAX 804.565.1237
or marrs@mgm-law.com

January 26, 2012

Veronica Herrera
MetLife, Legal Affairs Department
1095 Avenue of the Americas
New York, NY 10036-6796

*Received FEB 0 8 2012 PLU - Law Department*

Re:     Slotnick v. Heather Bell

Dear Ms. Herrera:

On behalf of MetLife, you previously answered a Garnishment Summons issued by the Richmond (Virginia) Circuit Court at our request. Your answer indicated that MetLife is the obligor under an annuity that is due to pay its next installment in the amount of $25,000.00 to Heather Bell, one of our judgment debtors, in December 2015.

We are now issuing a Notice of Lien of Fieri Facias, which will soon be served upon MetLife's Virginia registered agent. The Notice of Lien does not accelerate MetLife's obligation in any way, but does require that when December 2015 arrives, the annuity payment be remitted to Mr. Slotnick, and only Mr. Slotnick, for credit towards the judgment debt that Heather Bell owes to him.

If you should have any questions, please let me know. Otherwise, we shall expect to receive your payment in December 2015.

Sincerely,

Bradley P. Marrs

BPM/
Enclosure
cc:     Robert Slotnick


EXHIBIT J

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN
AND FOR SUMTER COUNTY, FLORIDA

IN RE.: APPROVAL FOR TRANSFER          CASE No.: 2013-CA-543
      OF STRUCTURED SETTLEMENT
      PROCEEDS BY

      HEATHER BELL a/k/a
      HEATHER GOOD,
_____/

## ORDER ON AMENDED MOTION TO DISMISS ORDER TO VACATE AND RULE ON EXEMPTION OF ANNUITY PROCEEDS

THIS CAUSE came before the Court upon Heather Bell a/k/a Heather Good's Motion to

Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds, which was filed with the

Clerk on January 3, 2014. Heather Bell seeks to have the Order vacating the transfer of her

Structured Settlement Payment Rights dismissed and the Court approve the transfer of such

Structured Settlement Payment Rights.

Metropolitan Life Insurance Company's Objection to Heather Bell's Petition for Court

Approval of Structured Settlement Payment Rights was filed with the Clerk on January 14, 2014.

Metropolitan, who is the issuer of the annuity, objects to Heather Bell's motion since it cannot

take any action related to the annuity without risking multiple liability since another individual

has claimed a right to the annuity or portion thereof.

Metropolitan Life Insurance Company's Response in Opposition to Heather Bell's

Amended Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds was

filed with the Clerk on January 17, 2014. Metropolitan asserts Heather Bell's motion is

groundless and procedurally improper.

The Court notes the Order to Vacate or Set Aside Order of April 30, 2013 was issued on

July 26, 2013. Heather Bell's present motion was filed roughly five months after such Order was

issued. Heather Bell's motion is untimely under Fla. R. Civ. P. 1.530 and is legally insufficient under Fla. R. Civ. P. 1.540.

Based upon the foregoing, it is hereby;

ORDERED AND ADJUDGED: That the Heather Bell a/k/a Heather Good's Motion to Dismiss Order to Vacate and Rule on Exemption of Annuity Proceeds is DENIED.

DONE AND ORDERED in Chambers, at Bushnell, Sumter County, Florida, on this 22d day of January, 2014.

_Michelle T. Morley_
Michelle T. Morley
Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the following individuals by U.S. Mail/Courthouse box delivery/e-mail this 23rd day of January, 2014:

Heather Bell a/k/a Heather Good
▬▬▬▬▬▬▬▬
Orlando, FL 32814

Harold B. Stephens, Esquire
3591 West Gulf to Lake Highway
Lecanto, FL 34461
haroldstephens@tampabay.rr.com

Stephanie A. Segalini, Esquire
Akerman LLP
420 South Orange Avenue Suite 1200
Orlando, FL 32801
stephanie.segalini@akerman.com

BY: _Danielle Brannan_
Judicial Assistant



EXHIBIT K

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

HEATHER BELL,               )
                                )
         Plaintiff/Petitioner,   )
                                )
v.                           ) Case No: 2013-CA-008727-0
                                )
ROBERT SLOTNICK and      )
METROPOLITAN LIFE INSURANCE  )
COMPANY (METLIFE)        )
                                )
        Defendant/Respondent   )

## AMENDED PETITION FOR DECLARATORY JUDGMENT

COMES NOW Heather Bell, pursuant to Florida Statutes s. 86.021, hereby petitions the
Court for a declaratory judgment as to Plaintiff/Petitioners rights and entitlement to structured
annuity proceeds, arising out of the following facts:

1.

Heather Bell has been a full time resident of Florida since 2010 with a current address of ▮▮▮▮▮
▮▮▮▮▮▮ Orlando, FL 32814. Heather Bell has not held residency anywhere other than Orlando,
Florida since 2010.

2.

Robert Slotnick is believed to be a resident of the state of Virginia. Robert Slotnick may be
served at ▮▮▮▮▮▮▮▮▮▮▮▮ Glenn Allen, VA. 23059.

3.

On or about May 2, 2011, Robert Slotnick received a garnishment against Heather Bell in the Richmond Virginia Circuit Court.

4.

Heather Bell owns structured settlement annuity payments being held and managed by Metropolitan Life Insurance Company (MetLife), with its corporate office located at 1095 Avenue of the Americas, New York, NY 10036. Payments are mailed to Heather Bell's Florida address.

5.

Since Heather Bell is a resident of Orange County, Florida and the annuity payments in question are received by Heather Bell at ███████████ Orlando, Florida 32814, venue is correct.

6.

On or about April 2013, Heather Bell received a Florida Court Order under the Florida Structured Settlement Protection Act to transfer a December 2015 payment and a December 2017 payment to Peachtree Settlement Funding, in return for an up-front payment.

7.

MetLife refused to follow the Court Order and objected to allow a transfer based on a Notice of Lien received from Robert Slotnick and/or Mr. Slotnick's Virginia counsel.

8.

Heather Bell provided a copy of her Florida Driver's license to MetLife in order to prove she was a Florida resident. In addition, Heather Bell notified MetLife of Florida Statute 222.14 that states "the proceeds of annuity contracts issued to citizens or residents of the state, upon

2

whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor."

9.

On June 12, 2013, MetLife sent a letter to Bradley Marrs (Virginia counsel for Robert Slotnick) agreeing with Heather Bell that the annuity is exempt from garnishment under Florida law. MetLife stated "the Florida Supreme Court has interpreted this provision to apply to structured settlement payments and found that they are exempt under section 221.14 from creditor claims. Leroy v. McCollam, 612 So.2d 572, 574 (Fla.1993). See also Windsor-Thomas Group, Inc. v. Parker, 782 So. 2d 478 (Florida Ct. App,. 2d Dist. 2011) (holding that 221.14 prohibits the garnishment or attachment of structured settlement payments and that the annuity issuer has standing to raise this issue as a defense to garnishment,"

10.

On June 13, 2013, Slotnick's council contested Heather Bell's and MetLife's position that the annuity is exempt from garnishment. Bradley Marrs replied to MetLife in a letter by stating "We trust you will continue to safeguard this asset due to the lien of fieri facias, but also must forewarn you that should MetLife act on its own to distribute the asset to Mrs. Bell without payment to Mr. Slotnick, we would have to hold MetLife liable for any funds improperly distributed."

11.

Petitioner Heather Bell received a Florida Court Order to assign her annuity payments to Peachtree Funding for a lump sum in April 2013. Petitioner relied on those lump sum funds to be used for the payment of her regular bills, living expenses and credit accounts. By Defendants intentionally blocking and refusing to follow the Court Order, Petitioner has suffered

3

substantial damages to her credit through the inability to pay her creditors, damages to her reputation with her creditors, and emotional and mental damages suffered daily for four months while being unable to know where and when funds are coming from, even for the most basic necessities such as food and shelter.

12.

MetLife, as fiduciary to Heather Bell's annuity payments, had a fiduciary responsibility to follow Florida law, specifically Florida statute 221.14, and to follow the April 2013 Court Order allowing the assignment of annuity payments to Peachtree Funding. MetLife has not only failed to follow Florida law and the Court Order, MetLife has refused to follow Florida law and the Court Order after multiple requests by Petitioner.

13.

There is an actual controversy and a legitimate question exists as to who is entitled to the annuity payments. A declaratory judgment is necessary to guide and protect the petitioner, with regards to the distribution of annuity payments.

14.

Heather Bell has need of direction and guidance of the Court as to who is entitled to the annuity payments.

WHERFORE, pursuant to Florida Statutes s. 86.021, Petitioner Heather Bell respectfully requests that the court issue a judgment declaring the rights of the Plaintiff/Petitioner hereto with respect to the structured settlement annuity payments, reimbursement of legal fees and for such other and further relief as this Court deems just and proper.

Dated: August 7, 2013

Respectfully submitted,

Heather Bell

By: _____
Plaintiff/Petitioner

Heather Bell

██████████████

Orlando, Fl. 32814
(804) 240-9552 Telephone

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2013, a true and accurate copy of the foregoing Petition for Declaratory Judgment was served by Process Server to the parties as follows:

Robert Slotnick

███████████████████

Glenn Allen, Virginia 23059

MetLife Law Department

Attn: Nicholas Corson

1095 Avenue of Americas

New York, NY 10036

IN THE CIRCUIT COURT OF THE _____NINTH_____ JUDICIAL CIRCUIT,
IN AND FOR _____ORANGE_____ COUNTY, FLORIDA

Case No.: 2013-CA-008727-0
Division: 39

HEATHER BELL _____
                    Petitioner,

and

ROBERT SLOTNICK _____
                    Respondent.

## PROCESS SERVICE MEMORANDUM

TO:   ( ) Sheriff of _____ County, Florida; _____ Division
      (✓) Private process server: M.T.G Process Servers, LLC
Please serve the *{name of document(s)}* AMENDED PETITION FOR DECLARATORY
JUDGMENT
in the above-styled cause upon:
Party: *{full legal name}* ROBERT SLOTNICK
Address or location for service: ███████████
GLENN ALLEN, VA 23059
Work Address: _____

If the party to be served owns, has, and/or is known to have guns or other weapons, describe what type
of weapon(s): NONE TO PETITIONERS KNOWLEDGE _____

SPECIAL INSTRUCTIONS: _____
_____
_____

Dated: _____8/7/2013_____

Signature of Party _____
*Printed Name: HEATHER BELL
*Address: ███████
*City, State, Zip: ORLANDO, FL 32814
*Telephone Number: 804-240-9552
*Fax Number: 407-704-7728

* If this is a domestic violence case, do not enter this information if your address or telephone number need to be kept
confidential for safety reasons instead write "confidential" in the spaces provided and file
◇☐ Florida Supreme Court Approved Family Law Form 12.980(l), Petitioner's Request for Confidential Filing of
Address.

Florida Supreme Court Approved Family Law Form 12.910(b), Process Service Memorandum (9/00)

IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [ ☒ fill in all blanks]

I, {full legal name and trade name of nonlawyer}_____JONATHAN BELL_____,
a nonlawyer, located at {street} ____███████████___, {city} _____ORLANDO_____,
{state} _____FLORIDA_____, {phone} ____804-240-9548____, helped {name} ____HEATHER BELL____,
who is the petitioner, fill out this form.

EXHIBIT L

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

HEATHER BELL,                                    )
                                                 )
    Plaintiff/Petitioner,                        )
                                                 )
v.                                               ) Case No: 2013-CA-008727-0
                                                 )
ROBERT SLOTNICK and                              )
METROPOLITAN LIFE INSURANCE                       )
COMPANY (METLIFE)                                )
                                                 )
Defendant/Respondent                             )

## PLAINTIFF/PETITIONER MOTION FOR SUMMARY JUDGMENT

Plaintiff/Petitioner Heather Bell, pursuant to Florida Rule 1.510 moves for summary judgment

against defendant/respondent. The facts and law supporting Plaintiff's/Petitioner's Motion are set

forth in the accompanying memorandum of law.

Dated: August 28, 2013

                                 Respectfully submitted,

                                   Heather Bell

                                   By: _____

                                         Plaintiff/Petitioner

Heather Bell

Orlando, Fl. 32814
(804) 240-9552 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2013, a true and accurate copy of the foregoing Motion for Summary Judgment will be served to the defendant as follows:

Robert Slotnick

████████████████

Glenn Allen, Virginia 23059

CT Corporation System

Registered Agent for MetLife

111 Eighth Avenue

New York, NY 10011

Heather Bell

By: _____

Plaintiff/Petitioner

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

HEATHER BELL,                                    )
                                                 )
                    Plaintiff/Petitioner,        )
                                                 )
v.                                               )  Case No: 2013-CA-008727-0
                                                 )
ROBERT SLOTNICK                                  )    **COPIES**
                                                 )
                    Defendant/Respondent         )  **ATTACHED**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S/PETITIONER'S MOTION FOR SUMMARY JUDGMENT

1.

There are no remaining factual disputes in this case and Heather Bell is entitled to a judgment as a matter of law against Defendant.

2.

Heather Bell has been a resident of Orange County, Florida since 2010. Heather Bell is registered to vote in the State of Florida, her driver's license is in Florida, her car is registered in Florida, and her children attend school in Florida. Heather Bell meets the requirements for being domiciled in Florida.

3.

Heather Bell is entitled to structured settlement annuity proceeds with the annuity being held and managed by Metropolitan Life Insurance Company (MetLife), with its corporate office located in Long Island City, New York.

4.

Defendant/Respondent Robert Slotnick and MetLife have been served and service delivery has been confirmed via process server. Affidavits of service are being filed with the Court.

5.

On or about April 1, 2013, Heather Bell through Peachtree Funding filed a petition in Sumter County, Florida to transfer a December 2015 annuity proceed payment and a December 2017 annuity proceed payment to Peachtree Settlement Funding, in return for an up-front payment.

6.

On May 1, 2013, MetLife objected to the petition for transfer based on a Virginia Notice of Lien received from Robert Slotnick.

7.

On May 6, 2013, the Sumter County, Florida Judge signed a Court Order under the Florida Structured Settlement Protection Act approving the transfer of a December 2015 annuity proceed payment and a December 2017 annuity proceed payment to Peachtree Settlement Funding, in return for an up-front lump sum payment.

8.

Defendants have been provided a copy of the Court Order yet refuse to follow the Court Order. MetLife continues to object to the transfer of payment proceeds due to the Notice of Lien received from Robert Slotnick and Mr. Slotnick through a letter by his counsel dated June 13, 2013 refuses to acknowledge the Florida Court Order.

9.

To further convince MetLife to follow the Court Order and remove their objection to the transfer, Heather Bell provided proof of her Florida residency to MetLife and notified MetLife of Florida

4

Statute 222.14 that states "the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor."

10.

On June 12, 2013, MetLife sent a letter to Robert Slotnick's counsel, Bradley Marrs agreeing with Plaintiff/Petitioner Heather Bell that the annuity is exempt from garnishment under Florida law. MetLife stated "the Florida Supreme Court has interpreted this provision to apply to structured settlement payments and found that they are exempt under section 222.14 from creditor claims, Leroy v. McCollam, 612 So.2d 572, 574 (Fla.1993), See also Windsor-Thomas Group, Inc. v. Parker, 782 So. 2d 478 (Florida Ct. App,. 2d Dist. 2011) (holding that 222.14 prohibits the garnishment or attachment of structured settlement payments and that the annuity issuer has standing to raise this issue as a defense to garnishment).

11.

On June 13, 2013 Mr. Slotnick through a letter written by his Virginia counsel refuses to acknowledge Florida law or the Florida Court Order.


DAMAGES


Due to Defendants refusal to follow Florida law and the Court Order by continuing to object to the transfer of annuity payments, substantial damages have occurred to Plaintiff/ Petitioner. Heather Bell had a loss of income and depended on the lump sum payments to pay her creditors and pay for basic living expenses.

5

Mrs. Bell has had to endure four months of unnecessary daily pain trying to find ways to get money to pay her creditors and pay for basic living expenses such as housing and food. Over the past four months, Mrs. Bell damaged her credit and had a property lost to foreclosure that could have been prevented had defendants lifted their objection. Mrs. Bell has been unable to pay her rent and faces eviction; and Mrs. Bell has had difficulty paying for food for her two children. No person should have to experience this kind of daily pain because Defendants refused to follow Florida law and a Judge signed Court Order.

THEREFORE, due to the clear and factual law of Florida Statute 222.14 and the already approved Court Order to transfer the annuity proceeds to Peachtree Funding, Plaintiff/Petitioner Heather Bell respectfully requests that the court issue a judgment against defendants declaring the Plaintiff/Petitioner has rights to the structured settlement annuity proceeds, court costs and for such other and further relief as this Court deems just and proper.

Dated: August 28, 2013

Respectfully submitted,

Heather Bell

By:_____
Plaintiff/Petitioner

Heather Bell
▇▇▇▇▇▇▇▇▇▇
Orlando, Fl. 32814
(804) 240-9552 Telephone

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2013, a true and accurate copy of the foregoing Motion for Summary Judgment will be served to the defendant as follows:

Robert Slotnick

████████████████

Glenn Allen, VA, 23059

CT Corporation System

Registered Agent for MetLife

111 Eighth Avenue

New York, NY 10011

Heather Bell

By:_____

Plaintiff/Petitioner

7

# COMPOSITE
# EXHIBIT M

Glen Allen, VA 23059
September 6, 2013

Orange County Clerk of Court
Circuit Court of the Ninth Judicial Circuit
 in and for Orange County, Florida
425 N. Orange Avenue
Orlando, Florida 32801
Attention: Civil Division

   Re: Heather Bell v. Robert Slotnick, et al.
     Case No. 2013-CA-008727-0

Dear Sir or Madam,

  Enclosed is a Special Appearance and Motion to Dismiss for Lack of *In Personam*
Jurisdiction to be filed with your courts. This pleading is being filed by me on my own behalf,
as defendant in the case referenced above.

  Thank you.

        Sincerely,

        Robert Slotnick

Enclosure
cc: Heather Bell

FLORIDA:

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY

HEATHER BELL,

Plaintiff,

v.                                               Case No. 2013-CA-008727-0

ROBERT SLOTNICK, et al.,

Defendants.

## SPECIAL APPEARANCE AND MOTION TO DISMISS
## FOR LACK OF *IN PERSONAM* JURISDICTION

Defendant Robert Slotnick, by special appearance and filing *pro se*, moves to dismiss the plaintiff's action against him for lack of *in personam* jurisdiction, as follows:

1.    Defendant Robert Slotnick ("Defendant") received service of process in person at his place of residence in Henrico County, Virginia, on August 22, 2013.

2.    The Amended Petition for Declaratory Judgment ("Petition") makes no attempt to state any basis for the Plaintiff's assertion of *in personam* jurisdiction over Defendant in the courts of the State of Florida. See Fl. Stat. § 48.193.

3.    Plaintiff alleges that she is a judgment debtor of the Defendant, subject to a garnishment proceeding pending in the courts of the Commonwealth of Virginia; Plaintiff alleges that she has become a resident of Florida; and Plaintiff alleges that she wishes to receive a payout from an annuity fund that has previously been subjected to the Defendant's judgment rights. None of these allegations speak to any activity of the Defendant within the State of Florida, much less to any activity meeting the requirements of Florida's long-arm jurisdictional statute, § 48.193.

4. An annuity is not a tangible asset, but rather, an item of intangible personalty, specifically a claim of right to receive payments from a third party (here, alleged to be Metropolitan Life Insurance Company or "MetLife", which Plaintiff alleges is located in New York state). As an intangible asset, the annuity has no physical existence and thus, no specific locus within any state. Accordingly, there is no *res* in dispute within the boundaries of the State of Florida. Defendant has therefore not subjected himself to the jurisdiction of the State of Florida by making claim against this intangible personalty, inasmuch as this item cannot be considered to be located within Florida.

5. The only nexus of this case to the State of Florida was manufactured by the Plaintiff, when she moved herself there. But Plaintiff's unilateral actions in changing her place of residence do not grant this Court jurisdiction over Defendant.

6. No alternative basis for jurisdiction over the Defendant has been alleged by the Plaintiff.

7. Defendant has no "substantial and not isolated activity within" the State of Florida; see § 48.193(2).

8. In addition to the above, Defendant has no "minimum contacts" with the State of Florida and accordingly, the rules of federal constitutional "due process" prohibit the courts of the State of Florida from acting against him in this matter, whether or not grounds for jurisdiction might otherwise be found under Florida law.

WHEREFORE, defendant Robert Slotnick, making this special appearance *pro se*, prays that this Court will dismiss the Amended Petition for Declaratory Judgment filed against him, and dismiss him as a party to this litigation.

_____
Robert Slotnick

Robert Slotnick, defendant *pro se*

Glen Allen, VA 23059

## CERTIFICATE OF SERVICE

A copy of this pleading was mailed to the following on September 6, 2013:

Heather Bell, Plaintiff *pro se*

Orlando, FL 32814

_____

Robert Slotnick

## AFFIDAVIT

I affirm under penalty of perjury that the statements made in the foregoing Special Appearance and Motion to Dismiss for Lack of *In Personam* Jurisdiction are true and correct to the best of my knowledge and belief.

_____
Robert Slotnick

STATE OF VIRGINIA;
CITY OF RICHMOND; to wit:

Robert Slotnick personally appeared before before me on this 6th day of September, 2013 and swore that the information contained in the attached Special Appearance and Motion to Dismiss for Lack of *In Personam* Jurisdiction is true and accurate to the best of his information and belief.

_____
Nancy L. Faulkner
NOTARY PUBLIC

My commission expires: 8-31-2016

Registration No. 292372



EXHIBIT N

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE
COUNTY, FLORIDA

HEATHER BELL,

       Plaintiff,                    Case No. 2013-CA-008727-O

v,

ROBERT SLOTNICK and
METROPOLITAN LIFE INSURANCE
COMPANY,

       Defendants.

_____/

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, hereby responds to Plaintiff's Motion for Summary Judgment as follows:

### INTRODUCTION

1.    The structured settlement annuity payments at issue arise out of a 1994 settlement agreement entered into by Heather Good n/k/a Heather Bell, which resolved a personal injury claim. *See* Release and Settlement Agreement, attached as Exhibit 1.

2.    Metropolitan Insurance and Annuity Company is the owner of Group Annuity Contract No. 8281 bearing Certificate No. 38299, issued for the benefit of payee Heather Good n/k/a Heather Bell. A true and accurate copy is attached as Exhibit 2. Beginning in 1995, MetLife has made periodic payment of Annuity Funds to Heather Bell as described in the Certificate.

3.    In February 2012, MetLife received a Notice of Lien *Fieri Facias* ("Notice of Lien") from Bradley P. Marrs, Virginia counsel for Judgment Creditor Robert Slotnick. A true and accurate copy of the Notice of Lien is attached as Exhibit 3. Pursuant to the Notice of Lien,

Robert Slotnick obtained a judgment in the Circuit Court of the City of Richmond, Virginia, against Heather Bell, and others, for sums totaling $175,294.00, and a Writ of *Fieri Facias* was issued upon that judgment on September 14, 2011.

4.      In early 2013, Plaintiff sought to sell the December 2015 and December 2017 payments to be made by MetLife pursuant to Group Annuity Contract No. 8281 bearing Certificate No. 38299, to Peachtree Settlement Funding. MetLife has objected to the transfer of these future payments based on the Notice of Lien in favor of Robert Slotnick.

5.      Robert Slotnick, through his Virginia counsel, Bradley P. Marrs, has threatened to "hold MetLife liable" for any future payments of Annuity Funds to any entity other than Robert Slotnick. *See* correspondence from Mr. Marrs, attached as Exhibit 4.

6.      In response to Plaintiff's Amended Petition for Declaratory Judgment ("Petition"), Robert Slotnick, appearing *pro se*, filed a Special Appearance and Motion to Dismiss for Lack of In Personam Jurisdiction, claiming that he has no "substantial and not isolated activity within" the State of Florida.

<u>LEGAL ARGUMENT</u>

As a disinterested stakeholder, MetLife does not take a position on who is entitled to the Annuity Funds. However, MetLife does contest certain allegations in Plaintiff's Motion for Summary Judgment. Specifically, MetLife is not the cause of Plaintiff's alleged financial hardship. Despite her full knowledge of the Notice of Lien and resulting Writ, and Robert Slotnick's position regarding its enforceability as it relates to the Annuity Funds, Plaintiff has taken no steps to resolve, quash or set aside the Lien in either the Florida or Virginia Courts. Because of this, MetLife is put in the untenable position of being required by law to abide by a

properly noticed lien while also being asked to consent to the transfer of structured settlement annuity payments.

Further, while MetLife does not oppose her transfer petition on this basis, Plaintiff has no absolute right to assign her structured settlement payments. In fact, Group Annuity Contract No. 8281 bearing Certificate No. 38299, contains explicit anti-assignment provisions that MetLife could have sought to enforce, even without the existence of a lien. See Ex. 2, p. 2 ("Nonassignability; Claims of Creditors: This certificate and payments provided under it are nonassignable and will be exempt from the claims of creditors to the maximum extent permitted by law."); *Rapid Settlements, Ltd. v. Dickerson*, 941 So.2d 1275, 1277 (Fla. 4th DCA 2006) (denying transfer petition because it would contravene the terms of the settlement and Florida's Structured Settlement Protection Act expressly permits the trial court to deny a proposed transfer). Consequently, any claim Plaintiff has alleged for extra-contractual damages against MetLife is meritless.

WHEREFORE, MetLife cannot take any action related with the Annuity Funds without risking multiple liability and therefore it seeks a ruling from a Court of competent jurisdiction resolving all legal questions related to Defendant, Robert Slotnick's Notice of Lien so it can determine how it must proceed with future payment of the Annuity Funds.

Respectfully submitted,

AKERMAN SENTERFITT

By: */s/ Stephanie A. Segalini*
Stephanie A. Segalini, Esq.
Florida Bar No. 092630
AKERMAN SENTERFITT
420 South Orange Avenue, Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000

Fax: (407) 843-6610
Primary Email: stephanie.segalini@akerman.com
Secondary Email: eileen.haywood@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 30th day of October, 2013, by electronic mail to Virginia Counsel for Robert Slotnick: Bradley P. Marrs, Esq. (bmarrs@marrslaw.com), Marrs Law Firm, PLLC, 7202 Glen Forest Drive, Suite 307, Richmond, VA 23226; and by U.S. Mail to the following:

Heather Bell, Plaintiff *pro se*
████████████
Orlando, FL 32814

Robert Slotnick, Defendant *pro se*
████████████████
Glen Allen, VA 23059

/s/ *Stephanie A. Segalini*
Stephanie A. Segalini, Esq.

EXHIBIT O

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 2013-CA-008727-O

DIV 39

HEATHER BELL,

     Plaintiff(s),

vs.

ROBERT SLOTNICK
METROPOLITAN LIFE
INSURANCE COMPANY
METLIFE

     Defendant(s).

_____/

## ORDER DENYING
## MOTION FOR SUMMARY JUDGMENT

This matter came before the Court for hearing on October 30, 2013, on the Petitioner's Petition for Declaratory Judgment with a request for the entry of a Summary Judgment in favor of the Petitioner. At the hearing were HEATHER BELL, the Petitioner and an attorney on behalf of Metropolitan Life Insurance Company, a non-party to this matter. The Respondent, ROBERT SLOTNICK, although noticed, did not appear.

The *pro se* Petition seeks to have "a judgment declaring the rights of the Plaintiff/Petitioner hereto with respect to the structured settlement annuity payments ... ." It appears, although it is not requested, that the petitioner seeks to have a lien asserted by Mr. Slotnick declared null and void and invalid which would then allow the Petitioner to sell her annuity for a lump sum.

The information presented suggested that this matter has previously been before another court in Sumter County and an order was entered allowing the distribution. That did not occur and for whatever reason Petitioner elected not to go before the court to attempt to enforce the mandate of the Court.[1]

---

[1] While the Court has not seen the Sumter Court order, it would appear that any order of a state court could be enforced via a contempt of court proceeding.

2013-CA-008727-O

It appears to the Court that what is really being sought is a determination of the validity of the lien asserted. The petition suggests that the lien was asserted via a garnishment by a court in the Commonwealth of Virginia. Once again, the proper venue may also be to attack this matter in the Virginia court.

Other than the fact that the Petitioner now lives in Orange County, there is no connection to the venue selected. A more appropriate venue would be Sumter County where a previous action had been filed and an order was apparently entered, or Virginia were the garnishment was asserted.

Based on the information provided to the Court, the Motion for Summary Judgment as set forth cannot be granted as there exists several genuine issues of material facts and it has not been shown that the Petitioner is entitled to judgment as a matter of law. The Court also has some significant concerns regarding whether or not this Court has jurisdiction to address this matter.

WHEREFORE, the Petitioner's Motion for Summary Judgment is DENIED.

DONE AND ORDERED at Orlando, Orange County, Florida on this 31st day of October, 2013.

John Marshall Kest
Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was delivered to the below parties on this 31st day of October, 2013.

Robert Slotnick          ████████████
                         Glenn Allen Va  23059

Stephanie Ann Segalini,  420 S Orange Ave Ste 1200
Esquire                  Orlando Fl 32801

Heather Bell             ████████████
                         Orlando, FL  32814

Dee McClendon, Judicial Assistant to Judge John Marshall Kest

2013-CA-008727-O