**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO: 6:14-CV-473-ORL-22GJK**

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff,

v.

HEATHER BELL A/K/A HEATHER GOOD,
an individual, ROBERT SLOTNICK, an individual,
and MINISTRI FAMILY, LLC, a Virginia limited
liability company,

    Defendants.
_____/

## ANSWER TO AMENDED COMPLAINT

Comes now, Defendant, Ministri Family, LLC, a Virginia limited liability company (hereinafter "Ministri"), and in response to the Amended Complaint for Interpleader answers as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied.
8. Ministri admits that there is an annuity owned by Heather Bell (hereinafter "Bell"), but is unable to admit or deny the genesis of the annuity funds, and therefore denies.
9. Admitted.

10. Admitted.

11. With respect to paragraph 11, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

12. With respect to paragraph 12, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

13. With respect to paragraph 13, it is admitted that Robert Slotnick (hereinafter "Slotnick") holds a judgment in the Circuit Court of the City of Richmond against Bell, as alleged. Ministri is unable to admit or deny the remaining contents of the paragraph, and therefore denies.

14. Ministri is unable to admit or deny paragraph 14, and therefore denies.

15. With respect to paragraph 15, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

16. With respect to paragraph 16, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident

17. With respect to paragraph 17, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

18. With respect to paragraph 18, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

19. With respect to paragraph 19, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

20. With respect to paragraph 20, Ministri was not involved in the Sumter County case, and therefore is unable to admit or deny the specific nature or actions taken in the Sumter County case. Ministri does not deny that the Sumter County case existed and admits that the records filed as part of the case are self-evident.

**THE ORANGE COUNTY CASE**

21. With respect to paragraph 21, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed as part of the case are self-evident.

22. With respect to paragraph 22, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the

Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed part of the case are self-evident.

23. With respect to paragraph 23, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed part of the case are self-evident.

24. With respect to paragraph 24, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed part of the case are self-evident.

25. With respect to paragraph 25, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed part of the case are self-evident.

26. With respect to paragraph 26, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed part of the case are self-evident.

27. With respect to paragraph 27, Ministri was not involved in the Orange County case, and therefore is unable to admit or deny the specific nature or actions taken in the Orange County case. Ministri does not deny that the Orange County case existed and admits that the records as filed part of the case are self-evident.

## ADDITIONAL CREDITOR WITH
## POTENTIAL CLAIM TO THE ANNUITY FUNDS

28. Admitted.

29. Ministri hereby incorporates its prior answers to 1 through 28.

## CAUSE OF ACTION IN INTERPLEADER

30. Denied.

31. Admitted.

32. To the extent that paragraph 32 alleges facts, they are admitted.

33. Paragraph 33 does not include facts to which an answer is required. To the extent that it does contain facts, Ministri admits that all payments shall be deposited into the registry of the court, or alternatively, the annuity contract, as an asset, should be deposited with the court.

WHEREFORE, the Ministri Family, LLC, by counsel, respectfully requests this court to, subject to the Motion to Transfer Venue filed contemporaneously herewith:

1. Grant Plaintiff's request for Interpleader;

2. Enter an Order establishing a pleading schedule which will allow the various Defendants to litigate and/or settle their respective claims for the annuity funds;

3. Determine the priority among the parties and enter an appropriate Order directing payment of funds based on this ruling;

4. Enter an Order requiring Metropolitan Life Insurance Company to either surrender the annuity contract through the appropriate party holding priority, or to, alternatively, require the plaintiff to make all future periodic payments to the registry of the court for payment to the entitled party;

5. Award Ministri its costs and attorney's fees; and

6. For all such other relief as may be appropriate.

Respectfully submitted,

/s/ Dale T. Golden
Dale T. Golden, Esquire
FBN 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
813-251-5500 (p)
813-251-3675 (f)
dgolden@gsgfirm.com
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
Dale T. Golden, Esquire