UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                             Case No:   6:14-cv-473-Orl-22TBS

HEATHER BELL, ROBERT SLOTNICK
and MINISTRI FAMILY, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Robert Slotnick's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc 10). For the reasons that follow, I respectfully recommend that the motion be DENIED.

### I. Background

In this interpleader case, Plaintiff Metropolitan Life Insurance Company ("Met Life") asks the Court to resolve competing claims to payments under an annuity it issued to Defendant Jennifer Bell in 1994 in connection with a personal injury settlement. (Doc. 6, ¶ 8). Bell, a Florida resident, wishes to transfer her rights to the annuity to a settlement funding company in exchange for a lump sum cash payment. (Id. ¶¶ 10). Met Life has objected to any transfer of the annuity because Slotnick, a Virginia-based judgment creditor of Bell's, threatened to sue if it made payments to anyone other than him. (Id. ¶ 14). The other Defendant, Ministri Family, LLC, is also a judgment creditor of Bell's and has brought a garnishment action against her and an unidentified (in Met Life's

Amended Complaint) garnishee in the Circuit Court for the City of Richmond, Virginia to collect its judgment. (Id. ¶ 28.)

Slotnick seeks dismissal from this case on the ground that the Court lacks personal jurisdiction over him. (Doc. 10). He admits he was served with process at his home in Henrico County, Virginia, but argues that service was ineffective because he does not have sufficient minimum contacts with Florida. (Id. ¶¶ 7). MetLife does not seriously dispute that Slotnick lacks minimum contacts with Florida. Instead, it argues that service of process is sufficient to confer jurisdiction because a federal statute authorizes nationwide service of process in interpleader cases. (Doc. 12, pp. 3-4).

## II. Discussion

Generally speaking, a federal district court may exercise personal jurisdiction over a defendant on the same terms as a court of general jurisdiction of the state where the district court is located. See FED. R. CIV. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."). In such cases, the court considers whether the defendant would be subject to jurisdiction under the forum state's long-arm statute, and if so, whether courts in the forum state could exercise jurisdiction over the defendant consistent with the requirements of due process. "The exercise of personal jurisdiction comports with due process when '(1) the nonresident defendant has purposefully established minimum contacts with the forum ... and (2) the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.'" SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997) (quoting Francosteel Corp. v. M/V Charm, 19 F.3d 624, 627 (11th Cir. 1994)).

In some cases, a federal court may exercise jurisdiction over a defendant who is beyond the reach of state courts. If federal law authorizes nationwide service of process, federal courts may exercise jurisdiction over a defendant who is served anywhere in the United States. See FED. R. CIV. P. 4(k)(1)(C) ("Serving a summons . . . establishes personal jurisdiction over a defendant ... when authorized by federal statute."). The federal interpleader statute is just such a law. See 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under § 1335 ... a district court may issue its process for all claimants ... Such process ... shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.").

Whether Slotnick has sufficient "minimum contacts" with Florida is irrelevant. The Court was established to exercise the "judicial power of the United States," U.S. CONST. art. III § 1, not the State of Florida. What matters is not whether Slotnick has minimum contacts with Florida but whether Slotnick has minimum contacts with the United States. See Carrillo, 115 F.3d at 1543 (holding that where statute allows nationwide service of process, the relevant "forum" for due process analysis is the United States, not the state in which the district court happens to be located). Because Slotnick is a citizen and resident of the United States and was served with process here, he has plainly established minimum contacts with the United States.

Even if a defendant has established minimum contacts with the United States, federal courts should still consider whether "'the assertion of personal jurisdiction would comport with fair play and substantial justice.'" Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 945 (11th Cir. 1997) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985)). The defendant bears the burden of showing

- 3 -

substantial inconvenience, Id. at 946. Slotnick has not shown that the assertion of the Court's jurisdiction over him will result in substantial inconvenience or that it would not "comport with fair play and substantial justice." Id.

Accordingly, because the interpleader statute allows service of process wherever in the United States an interpleader defendant "reside[s]" or is "found," and because Slotnick was personally served at his residence in Virginia, the Court may exercise personal jurisdiction over him in this interpleader case.

### III. Recommendation

I respectfully recommend that Slotnick's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 10) be DENIED.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties