**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO:  6:14-CV-473-ORL-22GJK**

METROPOLITAN LIFE INSURANCE COMPANY,

      Plaintiff,

v.

HEATHER BELL A/K/A HEATHER GOOD,
an individual, ROBERT SLOTNICK, an individual,
and MINISTRI FAMILY, LLC, a Virginia limited
liability company,

      Defendants.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO HEATHER BELL'S
EMERGENCY MOTION TO DISMISS INTERPLEADER**

COMES NOW, Defendant MINISTRI FAMILY, LLC ("Defendant"), by and through its

undersigned counsel, pursuant to Local Rule 3.01(b), and hereby files this, Defendant's

Response in Opposition to Heather Bell's Emergency Motion to Dismiss Interpleader, and states

the following in support thereof:

    **I.**      **Background / Procedural History.**

Plaintiff, Metropolitan Life Insurance Company ("Plaintiff"), commenced this on March

21, 2014 by filing its Complaint for Interpleader against Heather Bell ("Bell") and Robert

Slotnick ("Slotnick"). *See,* DE 1. On April 9, 2014, Plaintiff filed its Amended Complaint for

Interpleader against Bell, Slotnick and Defendant. *See*, DE 6. On May 7, 2014, Plaintiff filed a

Waiver of the Service of Process with respect to Bell (the "Wavier"). *See,* DE 14.

The Waiver, executed by Bell on April 21, 2014, provided that "I also understand that I

[…] must file and serve an answer or a motion under Rule 12 within 60 days from 03/24/2014,

the date when this request was sent[.]" *Ibid.* To date, Plaintiff has not file an Answer to Plaintiff's Complaint.

Now before the Court is Bell's Emergency Motion to Dismiss Interpleader and Memorandum in Support thereof (the "Motion"), filed on August 28, 2014, **over three (3) months after** the expiration of the deadline for filing a motion under Rule 12. *See,* DE 14, 34, 35. Prior to the filing of the Motion, Bell was not granted, nor did she seek, an extension of the deadline for filing a Motion under Rule 12.

Through the instant Response, Defendant respectfully requests that the Court deny Plaintiff's Motion, as Plaintiff has waived her right to seek dismissal of this action based upon the grounds asserted in the Motion[1] and the Motion is improperly designated as an "emergency" motion.

## II.    Legal Standard.

Motions to dismiss are governed by Rule 12 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(h)(1)(B) provides that "[a] party waives any defense listed in Rule 12(b)(2) – (5) by failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." The failure to timely assert a defense under Rule 12(b)(2) – (5) constitutes waiver. *See, e.g., Mishkin v. Jeannine Gurian Trust No. One*, 06-80489-CIV, 2008 WL 708733 (S.D. Fla. 2008); *Hochuli v. Delgado*, 09-23225-CIV, 2010 WL 2243790 (S.D. Fla. 2010); *Vax-D Med. Technologies, LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982).

---

[1] In the Motion, Bell does not argue that this Court lacks subject matter jurisdiction, that the Complaint fails to state a claim upon which relief may be granted, or that there has been a failure to join a party under Fed.R.Civ.P. 19.

Local Rule 3.01(e) provides that "[m]otions of an emergency nature may be considered and determined by the Court at any time, in its discretion (see also, Rule 4.05). The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Examples of situations which may warrant the designation of a motion as an "emergency" motion include instances in which "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *Onward Healthcare, Inc. v. Runnels*, 6:12-CV-508-ORL-37, 2012 WL 1259074 (M.D. Fla. 2012); *see also, Powell v. Accurate Inventory and Calculating Services*, 8:10-CV-01558-EAK, 2011 WL 1299514 (M.D. Fla. 2011)("[T]he use of 'emergency' motions or petitions to this Court should be reserved for instances when grave harm is imminent").

### III.    Legal Argument.

#### a.    Plaintiff's Motion to Dismiss must be denied as Bell waived her ability to seek dismissal of this action by failing to timely seek dismissal.

As detailed *supra,* Bell affirmed, via her execution of the Waiver on April 21, 2014, that she "underst[ood] that [she…] must file and serve an answer or a motion under Rule 12 within 60 days from 03/24/2014." *See,* DE 14. Notwithstanding Bell's obligation to respond to the Complaint by May 23, 2014, Bell failed to file any response until August 28, 2014, over three full months after the deadline imposed by the Waiver and Fed.R.Civ.P. 12(a)(1)(A)(ii).

While not explicitly stated in her Motion, Bell is ostensibly seeking dismissal of this action pursuant to Fed.R.Civ.P. 12. However, as Bell failed to timely seek dismissal of this action, the Court must deny Bell's Motion. *See, Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)(holding that "the court may not, either upon the defendant's motion or its own initiative, dismiss the suit" upon untimely Rule 12 objections).

### b. Bell's Motion must be denied as it violates Local Rule 3.01(e).

Notwithstanding the fact that Bell's Motion was filed over five (5) month after notice of the instant action was provided to Bell via the Waiver, Bell has designated her Motion as an "emergency" motion. This significant passage of time between Bell's notice of the instant action and the filing of her Motion belies any assertion that her Motion is of an emergency nature. *See, e.g., Aquent LLC v. Stapleton*, 6:13-CV-1889-ORL-28, 2014 WL 2801242 (M.D. Fla. 2014)("Defendants argue that the motion was not an 'emergency' because Aquent had known of the information in the motion for months[.] Defendants' point is well-taken.").  Moreover, in the two (2) weeks since the "emergency" motion was filed, Bell has filed nothing to substantiate the self-serving claims that she is "suffering severe mental and emotional damages daily" or that she is unable to "pay for basic and necessary living expenses for her family and children."  One would think that if these representations were accurate, the situation would have grown more acute with each passing day and that Bell, in keeping with her obligation of good faith relative to filing such a motion, would seek to update the Court regarding the emotional and financial difficulties that have continued to beset her since the filing the Motion.

In *Onward Healthcare, Inc. v. Runnels*, 6:12-CV-508-ORL-37, 2012 WL 1259074 (M.D. Fla. 2012), Judge Dalton explained the prejudicial effect of the improper designation of a motion as an "emergency" motion:

> Neither the present motion nor Plaintiff's previous motion present an emergency that requires the immediate attention of the judiciary. Indeed, Plaintiff was on notice of Defendants' actions for a month before filing this lawsuit. The repeated, unwarranted designation of a motion as an emergency motion unfairly disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency.

*Id.* (internal citations and quotation marks omitted).

In the instant case, Bell designated her Motion as an "emergency" motion notwithstanding that the record indicates that she was dilatory in seeking the relief requested. Furthermore, Bell's Motion contains nothing beyond mere unsworn, conclusory allegations concerning "irrevocable damages" to support her claim to an "emergency." Because Bell has improperly designated her Motion as an "emergency" the Court must deny the Motion and should sanction Bell in an appropriate fashion. *See, LOCKHEED MARTIN CORPORATION, Pl., v. THE BOEING COMPANY, William Erskine, Kenneth Branch, Larry Satchell, Defendants.*, 603-CV-796-ORL-28KRS, 2003 WL 22962782 (M.D. Fla. 2003)("The Court will sanction any counsel or party who designates a motion as 'emergency' under circumstances that are not true emergencies").

WHEREFORE Defendant respectfully requests an Order from this Honorable Court DENYING Bell's Emergency Motion to Dismiss Interpleader.

Respectfully submitted by:

  /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251 – 5500
Fax: (813) 251 – 3675
dgolden@gsgfirm.com
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.  The foregoing document is being served on the following person(s) via First Class U.S. Mail:

Robert Slotnick
11900 Westcott Ridge Terrace
Glen Allen, VA 23059

        /s/ Dale T. Golden           
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080