# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**METROPOLITAN LIFE INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-473-Orl-22TBS**

**HEATHER BELL a/k/a HEATHER GOOD, ROBERT SLOTNICK, and MINISTRI FAMILY, LLC,**

**Defendants.**

______________________________________/

**ORDER**

This cause comes before the Court on the following filings:

1. Plaintiff Metropolitan Life Insurance Company's ("Plaintiff" or "MetLife") Unopposed Motion to Drop Defendant Robert Slotnick, filed on August 25, 2014 (Doc. No. 32);
2. United States Magistrate Judge Thomas B. Smith's Report and Recommendation, filed on August 25, 2014 (Doc. No. 33);
3. Defendant Heather Bell's ("Bell") Emergency Motion to Dismiss Interpleader, filed on August 28, 2014 (Doc. Nos. 34, 35);
4. MetLife's Motion for Interpleader and Dismissal from this Action with Prejudice, filed on September 8, 2014 (Doc. No. 36);
5. MetLife's Response in Opposition to Defendant's, Heather Bell, Emergency Motion to Dismiss Interpleader, filed on September 12, 2014 (Doc. No. 37);

6. Defendant Ministri Family, LLC's ("Ministri") Response in Opposition to Heather Bell's Emergency Motion to Dismiss Interpleader, filed on September 12, 2014 (Doc. No. 38);

7. Bell's Response to Plaintiff Metropolitan Life Insurance Company's Motion for Interpleader and for Dismissal from this Action with Prejudice, filed on September 17, 2014 (Doc. No. 39);

8. Bell's Partial Objection to Report and Recommendation, filed on October 7, 2014 (Doc. No. 41);[1] and

9. Magistrate Judge Smith's Amended Report and Recommendation (the "R & R"), filed on October 9, 2014. (Doc. No. 44).

No party filed an objection to the R & R. For the reasons set forth below, the Court terminates Slotnick as a party, denies Bell's Emergency Motion to Dismiss Interpleader, and grants MetLife's Motion for Interpleader and Dismissal from this Action with Prejudice.

## I. LEGAL STANDARD

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S. Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep.

1 Magistrate Judge Smith initially filed a Report and Recommendation on September 23, 2014 (Doc. No. 40), which he later withdrew. (Doc. No 43). Bell did not file any objection to the amended recommendation. Nonetheless, the Court has considered Bell's filing.

No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## II. DISCUSSION

### *A. Jurisdictional Issues*

The Court assumes the parties familiarity with the relevant factual background. MetLife filed this statutory interpleader suit pursuant to 28 U.S.C. § 1335.[2] Section 1335 provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335.

Unlike rule interpleader, statutory interpleader requires that, in order for the Court to acquire subject matter jurisdiction over the dispute, MetLife must deposit the disputed funds into the Court's registry or post a bond in such amount and with such surety as the Court deems proper. *See Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976) ("[T]he deposit requirement is a jurisdictional prerequisite to suit under the interpleader statute . . . .") (citing 28

---

2 As discussed by the Magistrate Judge, this case is not brought as a "rule interpleader" under *Federal Rule of Civil Procedure* 22. (*See* Doc. No. 44 at p. 10 n.3).

U.S.C. § 1335).[3] Thus far, MetLife has neither deposited the funds in dispute into the registry of the Court nor posted any sort of bond; therefore, the Court currently lacks subject matter jurisdiction over this case and is powerless to act. Of course, this failure alone does not warrant outright dismissal. *See, e.g.*, *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 396 (S.D.N.Y. 2006) (stating that "failure to deposit the stake with the Court's registry alone would not warrant outright dismissal" and that it would be error to "dismiss the complaint without affording an opportunity to cure").

The issue of whether, and in what amount, MetLife should be required to post a bond has been the subject of much discussion in this case. (*See* Doc. Nos. 40, 42, 43, 44). Because it is a jurisdictional issue, the Court finds that requiring MetLife to deposit the 2015 annuity payment into the registry of the Court, in the amount of $25,000, is the most appropriate course of action. This will guarantee the Court has jurisdiction over the matter and undeniably establish its ability to resolve the underlying dispute. As MetLife concedes, the 2015 annuity payment is the only payment that could conceivably become due during the pendency of this litigation. (Doc. No. 42 at p. 10). If, for whatever reason, future annuity payments become due during the pendency of this case, the Court will require MetLife to deposit those payments, as they become due, into the registry of the Court on the appropriate date (beginning with the 2017 annuity payment). Assuming MetLife deposits the 2015 annuity payment into the registry of the Court, the Court will have subject-matter jurisdiction over this interpleader case. *See Murphy*, 534 F.2d at 1159.

*B. Propriety of Interpleader*

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fid. Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177

3 In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

(S.D.N.Y. 2002) (citing *Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). To this end, courts generally use a two-step approach in resolving interpleader cases. *See, e.g., Fid. Brokerage*, 192 F. Supp. 2d at 178. In the first step, where this case currently stands, the Court determines whether the interpleader action is appropriate. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983); *Locals 40, 361 & 417 Pension Fund v. McInerney*, No. 06 Civ. 5224, 2007 WL 80868, at *3 (S.D.N.Y. Jan. 9, 2007). If the Court decides that interpleader is appropriate, in the second step, the Court resolves the competing claims among the remaining parties. *Id.*

As to the substantive question presented in MetLife's motion, the Court agrees with the Magistrate Judge that interpleader is appropriate in this case. At this stage, the Court decides whether MetLife has "a real and reasonable fear of double liability or vexatious, conflicting claims" against the single fund, *Washington Electric Coop., Inc.*, 985 F.2d at 679, "*regardless of the merits* of the competing claims," *Fidelity Brokerage*, 192 F. Supp. 2d at 178 (emphasis added); *see also Locals 40, 361 & 417 Pension Fund*, 2007 WL 80868 at *3. During the first step, "a court need not analyze the merits of the claims because '[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.'" *Fid. Brokerage*, 192 F. Supp. 2d at 178 (quoting *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953)) (alterations in the original). As shown by the filings thus far, interpleader is appropriate. MetLife has been forced to defend multiple actions across multiple states for no reason other than it issued an annuity to Bell in New York more than twenty years ago. After MetLife deposits the $25,000 stake into the Court registry, MetLife will be discharged from this action.

### *C. Appointment of Counsel*

Bell has indicated to the Court that her financial situation is grim, (*see* Doc. No. 35 at p. 6), and has been representing herself *pro se* since the inception of this case. Although there is no

constitutional or statutory right to appointment of an attorney in this case, the Court, pursuant to the Federal Bar Association, Orlando Chapter, Civil Pro Se Project, has determined that the appointment of a lawyer may be appropriate in order to streamline the presentation of the issues in the case. Therefore, Bell may request the Court to appoint her counsel to represent her in this matter. Any such request should be made by motion on or before March 20, 2015.

## III. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed August 25, 2014 (Doc. No. 33), is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff Metropolitan Life Insurance Company's Unopposed Motion to Drop Defendant Robert Slotnick, filed on August 25, 2014 (Doc. No. 32), is **GRANTED**.
3. The Clerk is **DIRECTED** to terminate Defendant Robert Slotnick as a party to this action.
4. The Amended Report and Recommendation filed October 9, 2014 (Doc. No. 44), is **ADOPTED** and **CONFIRMED** to the extent provided in this Order.
5. Defendant Heather Bell's Emergency Motion to Dismiss Interpleader, filed on August 28, 2014 (Doc. No. 34), is **DENIED**. On or before March 20, 2015, Defendant Heather Bell **SHALL FILE** an answer to the Amended Complaint for Interpleader.
6. Plaintiff Metropolitan Life Insurance Company's Motion for Interpleader and Dismissal from this Action with Prejudice, filed on September 8, 2014 (Doc. No. 36), is **GRANTED**.
7. On or before March 16, 2015, Plaintiff Metropolitan Life Insurance Company **SHALL TENDER** to the Clerk of this Court the 2015 annuity payment, in the

amount of $25,000. During the pendency of this action, Plaintiff Metropolitan Life Insurance Company **SHALL** deposit any future annuity payments (beginning with the 2017 annuity payment) with the Clerk of this Court as those payments become due and owing pursuant to the terms of the annuity.

8.  After Metropolitan Life Insurance Company deposits the 2015 annuity payment with the Clerk of the Court, the Clerk is **DIRECTED** to dismiss Metropolitan Life Insurance Company from this action with prejudice. Should this case be resolved before the 2015 annuity payment becomes due under the terms of the annuity, the Court will disburse the 2015 annuity payment back to Metropolitan Life Insurance Company.

9.  Defendants Heather Bell and Ministri Family, LLC, are **ENJOINED** from instituting or prosecuting any proceeding in any state or federal court affecting the annuity or annuity payments until the Court enters final judgment on the underlying dispute.

10. Defendant Heather Bell is **ENJOINED** from entering into any agreement to transfer any annuity payments from the annuity at issue until the underlying dispute is resolved.

11. Defendants are **DIRECTED** to plead and pursue their claims among themselves in connection with their respective rights and claims to the annuity payments without further involvement from Metropolitan Life Insurance Company. For pleading purposes, Defendant Ministry Family, LLC, will now be designated as Plaintiff. After Metropolitan Life Insurance Company has been dismissed from this case with prejudice, the Clerk is **DIRECTED to REALIGN** the parties in accordance with this Order.

12. Even though Metropolitan Life Insurance Company will be dismissed as a party, because Metropolitan Life Insurance Company will distribute the annuity funds based upon Order of the Court, the Clerk is **DIRECTED** to leave counsel for Metropolitan Life Insurance Company on the service list until further Court Order.

13. Defendant Heather Bell may request the Court to appoint her counsel to represent her in this matter. Any such request should be made by motion on or before March 20, 2015.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Smith